929 F.2d 1126
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Andrew HAMILTON, Defendant-Appellant.
 No. 90-5866.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 24, 1991.
Decided April 8, 1991.
 
 Robert W. Watson, Asst. U.S. Atty. (argued), Nashville, Tenn., for plaintiff-appellee.
 Deborah S. Swettenam, Asst. Federal Public Defender (argued), Nashville, Tenn., for defendant-appellant.
 Before MARTIN and KRUPANSKY, Circuit Judges, and PECK, Senior Circuit Judge.
 BOYCE F. MARTIN, Jr., Circuit Judge.
 
 
 1
 William Andrew Hamilton pled guilty to assaulting his ex-girlfriend as he drove her from West Palm Beach, Florida to Nashville, Tennessee. He was convicted of knowingly intimidating a witness by hindering her communication with law enforcement officers of a possible commission of a federal offense, in violation of 18 U.S.C. Sec. 1512(b). Hamilton was sentenced to three years and five months imprisonment, three years of supervised release with conditions of restitution, and participation in a mental health program. On appeal, Hamilton argues that the district court erred in imposing a four-level enhancement to his base offense for "otherwise using" a knife, and in imposing a two-level enhancement for a willful obstruction of justice. For the following reasons, we affirm.
 
 
 2
 The events that led to Hamilton's conviction are as follows: On September 2, 1989, Hamilton persuaded his former girlfriend, Ann Pye, to meet him at the apartment of a mutual friend in West Palm Beach. Shortly after Pye arrived, Hamilton became agitated and began to savagely beat her, striking her repeatedly with his fists. When Pye attempted to call for help, Hamilton choked her to the point of unconsciousness. When Pye awoke Hamilton was holding a knife against her throat, threatening to kill her and her children.
 
 
 3
 Hamilton temporarily calmed down; after he professed remorse for his outburst, the two left the apartment in Pye's car, with Hamilton at the wheel. Pye testified that she agreed to enter the automobile out of fear of Hamilton. During the drive, Hamilton again beat Pye and threatened her with the knife. Pye was severely cut on the hand when she attempted to fend off Hamilton's attack. Hamilton promised to take Pye to the hospital, but proceeded instead to his mother's home in Nashville. Along the road between Florida and Nashville, Pye made several attempts to contact authorities; these attempts were foiled by Hamilton and third parties who wished not to become involved. Hamilton was arrested at his mother's home in Nashville, Tennessee by F.B.I. agents on September 4, 1989.
 
 
 4
 A two-count indictment was filed against Hamilton in the Middle District of Tennessee. Count one charged him with kidnapping Pye on or about September 3, 1989, in violation of 18 U.S.C. Sec. 1201(a). Count two charged him with knowingly using threats, intimidation, and physical force against a witness (Pye), in violation of 18 U.S.C. Sec. 1512(b). On March 26, 1990, Hamilton entered into a plea agreement under which in exchange for pleading guilty to count two of the indictment, count one of the indictment would be dismissed and Hamilton's sentence would be calculated under the Federal Sentencing Guidelines Sec. 2A2.2, with a two-level downward adjustment for acceptance for responsibility.
 
 
 5
 A presentence report was prepared by the probation officer providing the mathematical basis for the recommended sentence. To facilitate our review, we have reduced the calculations to the following equation. See Guidelines Manual, Sec. 1B1.1 (Nov.1990) (Application Instructions).
 
 
 6
 STEP 1: ADJUSTED OFFENSE LEVEL
 A. OFFENSE GUIDELINE: Guidelines App.A permits Guidelines Secs. 2A1.2
 (Assault With Intent To Commit Murder; Attempted Murder),
 2A2.2 (Aggravated Assault), or 2J1.2 (Obstruction of Justice)
 to apply to violations of 18 U.S.C. Sec. 1512(b). By stipulation
 of the parties, Guidelines Sec. 2A2.2 is to apply.
 B. BASE OFFENSE LEVEL: The base level offense for Sec. 2A2.2 is 15. 15
 C. SPECIFIC OFFENSE CHARACTERISTICS: The following specific offense
 characteristics for Sec. 2A2.2 were found to apply:
 1. Dangerous Weapon Otherwise Used: four-level k4
 enhancement
 2. Bodily Injury To The Victim: three-level k3
 enhancement for degree of injury between
 "bodily injury" and "serious bodily injury."
 3. Total offense characteristic enhancement: seven
 levels.
 D. Guidelines CHAPTER THREE ADJUSTMENTS:
 1. Parts A, B, C, and D of Chapter Three allow
 adjustments for particular victims, defendant's
 role in the offense, obstruction of justice,
 and multiple counts.
 a. Victim Related k0
 Adjustments: Zero
 b. Role In The Offense: Zero k0
 c. Obstruction: Zero k0
 d. Multiple Counts: Zero k0
 2. Part E of Chapter Three allows a two level - 2
 downward adjustment for acceptance of
 responsibility for the crime: Minus two levels.
-------------------------------------------------------------------------------
 E. ADJUSTED OFFENSE LEVEL: 20(15k7k0-2) 20
STEP 2: CRIMINAL HISTORY
 A. Juvenile Adjudications: Zero
 B. Prior Sentences: Zero
-------------------------------------------------------------------------------
 C. Criminal History Points: Zero
 D. Criminal History Category: I; (0 or 1 point); Sec. 5.2
STEP 3: GUIDELINE RANGE CALCULATION
 A. Adjusted Offense Level: 20
 B. Criminal History Category: I
 C. Career Offender/Criminal Livelihood: N/A
 D. Guideline Range: Sec. 5.2 establishes the guideline range for a
 level twenty offense by a criminal history category I offender
 as 2 years 9 months to 3 years 5 months (33 to 41 months)
 imprisonment.
----------
 
 
 7
 At the sentencing hearing, Hamilton denied a number of the allegations not included under the plea agreement. He denied that he had tricked Pye into meeting him, that he had forced her to accompany him to Tennessee against her will, or that he had used a weapon. The court rejected these denials, making findings that he had tricked Pye into a meeting, that he had attacked Pye with a knife, although the court notes the evidence does not establish that the defendant intentionally stabbed the victim, and that he had forced Pye to accompany him to Tennessee against her will. The court found Hamilton's denials to be perjurious attempts to minimize his involvement; accordingly, the court ruled a two-level enhancement for obstruction of justice was warranted. However, the court also applied a two-level downward adjustment for acceptance of responsibility because of Hamilton's earlier acknowledgement of wrongdoing.
 
 
 8
 Again, for clarity's sake, we have distilled the district court's Guideline calculation to the following equation:
 
 
 9
 STEP 1: ADJUSTED OFFENSE LEVEL
 A. OFFENSE GUIDELINE: Sec. 2A2.2 (Aggravated Assault).
 B. BASE LEVEL OFFENSE: 15 15
 C. SPECIFIC OFFENSE CHARACTERISTICS:
 1. Sec. 2A2.2(b)(2)(B) Dangerous Weapon Otherwise Used: k4
 four-level enhancement.
 2. Sec. 2A2.2(b)(3)(A) Bodily Injury: two-level k2
 enhancement.
 3. Total offense characteristic enhancement: six
 levels.
 D. Guidelines CHAPTER THREE ADJUSTMENTS:
 1. Sec. 3A.1.13D.5:
 a. Sec. 3A1.1.3 Victim Related k 0
 Adjustments; Zero.
 b. Sec. 3B1.1.4 Role In The k 0
 Offense: Zero
 c. Sec. 3C1.1.2 Obstruction: k 2
 two-level upward
 adjustment.
 d. Sec. 3D1.1.5 Multiple Counts: k 0
 Zero
 2. Sec. 3E1.1 Acceptance of responsibility: two-level - 2
 downward adjustment.
-------------------------------------------------------------------------------
 E. ADJUSTED OFFENSE LEVEL: 21(15 k 6 k 2 - 2) 21
STEP 2: CRIMINAL HISTORY
 A. Sec. 4A1.2(d) Juvenile Adjudications: Zero
 B. Sec. 4A1.1 Prior Sentences: Zero
-------------------------------------------------------------------------------
 C. Criminal History Points: Zero
 D. Sec. 5.2 Criminal History Category: I; (0 or 1 point).
STEP 3: GUIDELINE RANGE CALCULATION
 A. Adjusted Offense Level: 21
 B. Criminal History Category: I
 C. Sec. 4B1.1 Career Offender/Criminal Livelihood: N/A
 D. Guideline Range: Sec. 5.2 establishes the guideline range for a
 level 21 offense by a criminal history category I offender as
 3 years 1 month to three years 10 months (37 to 46 months)
 imprisonment.
----------
 
 
 10
 Hamilton was sentenced to three years and five months imprisonment, with a period of supervised release and restitution.
 
 
 11
 Hamilton claims that the district court erred in applying the Sentencing Guidelines by assessing a four-level enhancement for "otherwise using" a weapon, rather than a three-level enhancement for "brandishing" a weapon. Both "otherwise using" and "brandishing" a weapon are specific offense characteristics of aggravated assault. Guidelines Manual, Sec. 2A2.2(b)(2) (Nov.1990). Hamilton contends that a weapon is not "otherwise used" unless it is actually employed to intentionally inflict bodily injury. We disagree.
 
 
 12
 The Guidelines define "brandishing" as a weapon "pointed or waived about, or displayed in a threatening manner." Guidelines Manual, Sec. 1B1.1 Comment. (n. 1(c)). A weapon is "otherwise used" when the "conduct did not amount to the discharge of a firearm but was more than brandishing, displaying or possessing a firearm or other dangerous weapon." Id. at (n. 1(g)). The district court found that Hamilton's actions went beyond mere brandishing to actually using a dangerous weapon in his attack. Although the district court did not conclude that Hamilton intentionally stabbed Pye, her injury was a direct and foreseeable consequence of his use of a weapon.
 
 
 13
 This court will give due deference to a district court's application of the Guidelines to the factual situation found to exist and will review such a decision only for clear error. United States v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 492 U.S. 910, 109 S.Ct. 3227, 106 L.Ed.2d 576 (1989). We find no clear error in the district court's determination that Hamilton "otherwise used" a knife where the evidence established that he not only inadvertently injured Ms. Pye with the knife, but also intentionally held it against her throat while making threats against her life. United States v. Roberts, 898 F.2d 1465, 1470 (10th Cir.1990) (district court not clearly erroneous in concluding defendant "otherwise used" knife when defendant held knife close to victim's head and neck). See also United States v. De La Rosa, 911 F.2d 985, 993 (5th Cir.1990) (district court not clearly erroneous in finding weapon "otherwise used" when employed to carry out crime); United States v. Shinners, 892 F.2d 742, 743 (8th Cir.1989) (guideline enhancement not clearly erroneous where weapon discharge was unintentional).
 
 
 14
 Hamilton also argues that the district court erred in imposing a two-level enhancement under Sec. 3C1.1 for obstruction of justice. Hamilton admits to perjuring himself before the court at his sentencing hearing, but contends that a Sec. 3C1.1 enhancement is inappropriate because his untrue statements were limited to specific areas he disputed in the plea agreement. We disagree.
 
 
 15
 Section 3C1.1 provides for a two-level enhancement where a defendant willfully attempts to impede or obstruct the administration of justice. United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1989).[1] Such obstructive conduct includes:
 
 
 16
 testifying untruthfully or suborning untruthfull testimony concerning a material fact ... during a preliminary or grand jury proceeding, trial, sentencing proceeding, or any other judicial proceeding....
 
 
 17
 Guidelines Manual, Sec. 3C1.1, comment. (n. 1(c)).[2] The district court determined that Hamilton had obstructed the sentencing proceeding because he had repeatedly perjured himself by denying he was the cause of Pye's wounds. The court made a credibility finding that the defendant "has told one bare-faced lie after another during his sentencing proceedings, and done so deliberately, to minimize ... the grievousness of the beating that this woman was subjected to."
 
 
 18
 Where a defendant has entered a guilty plea, Sec. 3C1.1 does not act to limit that defendant's right to object at the sentencing hearing to any factual findings relevant to the application of the Guidelines. In this case for instance, Hamilton's argument that he merely "brandished," rather than "otherwise used," a weapon would not serve as a sufficient basis for an obstruction enhancement. However, a defendant's right to contest the applicability of specific guideline provisions is not so broad as to entitle that defendant to perjure himself. This circuit has repeatedly stated that a defendant holds no constitutional right to perjure himself before a court. United States v. Alvarez, 927 F.2d 300 (6th Cir.1991); United States v. Acosta-Cazares, 878 F.2d 945, 953 (6th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 255, 107 L.Ed.2d 204 (1989). The oath a defendant takes before testifying at a sentencing hearing is no less sacred than the one he takes before testifying at trial. Our holding that a defendant is not permitted to testify untruthfully at his sentencing hearing is supported by the current commentary to Sec. 3C1.1, which explains that "providing materially false information to a judge or magistrate" warrants an obstruction of justice enhancement. Guidelines Manual, Sec. 3C1.1 comment (n. 3(f)). Hamilton's assertions that no knife was used, that he was not the cause of Ms. Pye's injuries, and that Ms. Pye accompanied him voluntarily went well beyond the defendant's right to voice objection to the application of the Guidelines. We find no clear error in the district court's determination that Hamilton's statements at the sentencing hearing were perjurious attempts to materially influence the proceedings warranting a two-level enhancement for obstruction of justice.
 
 
 19
 Accordingly, the judgment of the district court is affirmed in all respects.
 
 
 
 [1]
 Section 3C1.1 has been amended, effective November 1, 1990. See United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1990). Hamilton was sentenced under the pre-amended version of Sec. 3C1.1
 
 
 [2]
 The amended commentary to Sec. 3C1.1 states that a defendant is subject to a Sec. 3C1.1 enhancement for "committing, suborning, or attempting to suborn perjury [,]" or "providing materially false information to a judge or magistrate." United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1, comment. (n. 3(b)(f)) (Nov.1990) (emphasis added). The propriety of Hamilton's sentence would remain unchanged if the amended commentary were in force because Hamilton admits his untrue statements were perjurious and because the district court found those untrue statements to be perjurious as to a material fact