980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Wayne COLLINS, Defendant-Appellant.
 No. 92-5184.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Gary Wayne Collins appeals his jury conviction and sentence for the following: the sale and possession with intent to distribute cocaine, both in violation of 21 U.S.C. § 841(a)(1) (1988); the possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (1988); and the possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Supp.II 1990). For the following reasons, we AFFIRM both the conviction and the sentence.
 
 I.
 
 2
 On September 7, 1990, Collins was arrested immediately after selling a quantity of cocaine to Officer Robert Griffin, an undercover officer with the Maury County Sheriff's Department. On that date, Griffin accompanied "Don," an informant, to Collins' house to make a drug purchase. Collins left the house as Griffin and Don arrived. While Collins was away, Griffin and Don entered the house. As they waited for Collins to return, Griffin saw drugs and drug paraphernalia in plain view.
 
 
 3
 Twenty minutes later, Collins returned with a man named Stewart. The two men proceeded into a bedroom. When Collins noticed that his gun was not on its usual location, he came out and asked his girlfriend where his gun was. At trial, Collins stated that he was concerned about the whereabouts of the gun because it has great sentimental value to him because it was owned by his Uncle Bill, a person who took him in after he was abandoned by his abusive parents. At trial, Collins claimed that his girlfriend had placed it under his pillow because it had fallen off of a shelf.
 
 
 4
 Soon after asking about the gun's whereabouts, Collins asked Don and Griffin to join him in the bedroom. Once Griffin, Don and Collins were all in the bedroom, Collins informed them that he could sell them an "eight ball" of cocaine. Griffin agreed to purchase the cocaine, which was then weighed and exchanged for $275.
 
 
 5
 At this point, Griffin signaled other officers, identified himself as a police officer, and arrested and searched Collins. At the time he was searched, Collins was in possession of two vials of cocaine and the loaded gun. Collins claimed he sold the cocaine to Don only because Don cajoled him into doing it. He claimed that the separately packaged cocaine on his person was for personal consumption only. He also claimed that it was coincidental that the firearm was found on his body during the transaction. Finally, Collins claimed that he supported a $500-a-day cocaine habit by selling trees.
 
 
 6
 On November 13, 1991, Collins was convicted by a jury on all counts. On January 28, 1992, Collins was sentenced to a total of eighty-one months of imprisonment. He received a mandatory sixty-month sentence for his violation of 18 U.S.C. § 924(c)(1).
 
 II.
 
 7
 Collins first argues that the district court should have granted his motion for a mistrial because of prosecutorial misconduct. The complained-of remarks consist, in part, of the following statements made by the prosecutor during his closing argument:
 
 
 8
 It's okay to feel sympathy and sorrow for what is a tragic situation.... But [it] would be wrong for you ... to let that affect your oath as jurors to dispassionately, without anger or sympathy, ... evaluate these facts and come back with a just verdict.... I'm not going to stand up here and pretend that this defendant is some drug king pin. He obviously isn't. I submit that what the evidence shows is that he had a drug habit, and that the evidence would indicate that he was selling drugs, as is very common, to support that habit. He's had some rough things happen in his life.... Let the proper person to consider those matters, if guilt is determined, to consider them at the proper time, and that's at the sentencing.... That's Judge Higgins. Judge Higgins is charged with that responsibility and you're going to be specifically instructed that hostility, anger, sympathy, and concerns about penalty are not to enter into your deliberations....
 
 
 9
 J.A. at 150-51. Collins claims the prosecutor wanted the jury to believe that Collins' hard-luck life circumstances would be taken into account by the courts at sentencing to lessen his sentence, which Collins believes is misleading since the firearm conviction, based on a violation of 18 U.S.C. § 924(c)(1), has a mandatory five-year sentence. He claims that the statements infringed upon his right to a fair trial, and adds that the district court failed immediately to correct or cure the problem. Collins did not object during the argument, however. Rather, he waited until the jury was excused to complain.
 
 
 10
 We review denial of a motion for mistrial under an abuse of discretion standard. United States v. Chambers, 944 F.2d 1253, 1263 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 (1992). In addition, a failure to make a contemporaneous objection, as occurred in this case, means that our review is limited to "plain error." United States v. Levy, 904 F.2d 1026, 1030 (6th Cir.1990), cert. denied, 111 S.Ct. 974 (1991); Fed.R.Evid. 103(d). Reviewing the motion and the trial record, we find neither an abuse of discretion nor plain error. The prosecutor's argument was proper. The words spoken by the prosecutor appear in the jury instructions in this case. No objection was made about those instructions. Therefore, this argument is without merit.
 
 III.
 
 11
 Collins next argues that the district court erred in admitting testimony by Griffin regarding the relationship between drug dealing and guns. Griffin testified that in his three and one-half years of experience, he had worked undercover some 250-300 times, had participated in fifteen to twenty drug busts which involved weapons, and had been taught by his training and experience that drug dealing is a high-risk business and that drug dealers carry weapons to protect themselves. Collins argues that the admission of such opinion testimony from a non-expert was improper and prejudicial under Rule 401 of the Federal Rules of Evidence because it may lead the jury to infer that he was carrying a gun in relation to drug trafficking from the testimony that other drug dealers do so.
 
 
 12
 A trial court's ruling on the admission and exclusion of evidence on the basis of relevance is reviewed for clear abuse of discretion. United States v. Ramirez, 871 F.2d 582, 584 (6th Cir.), cert. denied, 493 U.S. 841 (1989).
 
 
 13
 "Law enforcement officers may testify concerning the methods and techniques employed in an area of criminal activity and to establish 'modus operandi' of particular crimes." United States v. Pearce, 912 F.2d 159, 163 (6th Cir.1990), cert. denied, 111 S.Ct. 978 (1991). Furthermore, "[a]dmission of expert testimony is a matter within the broad discretion of the court, and a decision to admit such testimony is to be sustained unless manifestly erroneous." Id.
 
 
 14
 While Collins contends that he possessed the gun merely because it held great sentimental value to him, the evidence at trial showed that Collins was involved in a drug deal and that he specifically asked where his gun was and located the gun before consummating that deal. Based on the holding in Pearce and a review of the facts of this case, we find that the district court did not abuse its discretion or commit manifest error.
 
 IV.
 
 15
 Collins next argues that the district court erred by not including the following jury instruction: "... Gary Collins is entitled to be tried on the facts of this case and this case alone. I charge that the customs and habits of others in other drug transactions is irrelevant to whether Gary Collins is guilty of count four of the indictment [a violation of § 924(c)(1) ]." J.A. at 145.
 
 
 16
 "Jury instructions are reviewed as a whole to determine whether they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision." Kitchen v. Chippewa Valley Schools, 825 F.2d 1004, 1010-11 (6th Cir.1987). A judgment can be reversed if the instructions, viewed as a whole, were confusing, misleading or prejudicial. Beard v. Norwegian Caribbean Lines, 900 F.2d 71, 72-73 (6th Cir.1990).
 
 
 17
 Reviewing the trial transcript as a whole, the instructions were not confusing, misleading or prejudicial. Furthermore, the district court included a charge which contained essentially the same message: "[T]he defendant is on trial for the offenses alleged in the indictment and ... he is not on trial for any conduct not alleged in the indictment, and ... you are not called upon to make a finding of guilt or innocence as to any person or persons other than the defendant on trial." J.A. at 146; see J.A. at 157 (actual jury instruction as given). Therefore, this argument is without merit.
 
 V.
 
 18
 Collins' next argument is that the district court erred in excluding the offered testimony of Collins' sister, Cynthia Ross. Ross was prepared to testify to the abusive relationship that Collins' parents had with Collins. The district court determined that the evidence Ross offered was irrelevant to Collins' case.
 
 
 19
 A trial court's ruling on the admission and exclusion of evidence on the basis of relevance is reviewed for the abuse of discretion. Ramirez, 871 F.2d at 584. There is no abuse of discretion in this case. First, the testimony was irrelevant. Collins' attachment to his uncle was the alleged reason for his attachment to the gun; his relationship with his parents is only tangentially related to that with his uncle. Second, to the extent that it did touch upon his relationship with his uncle, Ross' testimony was cumulative because Collins testified to that relationship himself. Thus, this argument lacks merit.
 
 VI.
 
 20
 Collins next claims that there is insufficient evidence of a relationship between his weapon and his sale of cocaine to Griffin to support a conviction under 18 U.S.C. § 924(c)(1). He contends that his gun possession during the sale was coincidental and unrelated.
 
 
 21
 The standard of review to be applied by an appellate court when reviewing a claim of insufficiency of evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Gallo, 763 F.2d 1504, 1518 (6th Cir.1985), cert. denied, 474 U.S. 1068, 1069 and 475 U.S. 1017 (1986) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also United States v. Tilton, 714 F.2d 642, 645-46 (6th Cir.1983).
 
 
 22
 A defendant can be convicted of violating § 924(c)(1) where weapons are kept at the ready to protect a drug house, thereby safeguarding and facilitating illegal transactions. See, e.g., United States v. Brown, 915 F.2d 219, 225 (6th Cir.1990); United States v. Acosta-Cazares, 878 F.2d 945, 951-52 (6th Cir.), cert. denied, 493 U.S. 899 (1989).
 
 
 23
 In this case, Collins not only had a gun in his house, he had a loaded gun in his pocket while actually making a drug sale. Furthermore, drugs and drug paraphernalia were in plain view in Collins house. Based on this evidence, a rational trier of fact, while viewing all the evidence in favor of the prosecution, could find beyond a reasonable doubt that Collins had violated § 924(c)(1). Therefore, the district court did not err in denying Collins' motions for acquittal.[1]
 
 VII.
 
 24
 Collins next argues that the district court erred in finding, under the sentencing guidelines, United States Sentencing Commission, Guidelines Manual § 3C1.1 (Nov. 1991) [hereinafter "U.S.S.G."], that he should receive a two-level sentence enhancement for the obstruction of justice. Section 3C1.1 of the U.S.S.G. states: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." Id. The commentary adds that, although the "provision is not intended to punish a defendant for the exercise of a constitutional right," "a denial of guilt under oath that constitutes perjury" is properly punishable under this section. U.S.S.G. § 3C1.1. comment. (n. 1).
 
 
 25
 This court has consistently upheld obstruction enhancements based upon a judicial finding of untruthful testimony under oath. See United States v. Hamilton, 929 F.2d 1126, 1130 (6th Cir.1991); United States v. Head, 927 F.2d 1361, 1372 (6th Cir.), cert. denied, 112 S.Ct. 144 (1991); United States v. Alvarez, 927 F.2d 300, 303 (6th Cir.), cert. denied, 111 S.Ct. 2246 (1991). Furthermore, when reviewing testimony, in connection with the sentencing guidelines, the appellate court must give due regard to the opportunity of the district court to judge the credibility of the witnesses. Head, 927 F.2d at 1372. This court must accept the district court's findings of fact unless they are "clearly erroneous" and must "further give due deference to the district court's application of the guidelines to the fact." Id.
 
 
 26
 To not accept the district court's findings, we would have to find that the court below clearly erred in finding Collins' testimony untruthful. Upon reviewing the record, the district court's determination that Collins' testimony was untruthful is not error. Just as the district court found, we conclude that Collins' testimony that he had the gun in his pocket during a cocaine sale coincidentally is unbelievable. This is especially so since Collins specifically asked where the gun was before consummating the deal. Furthermore, the trial court had the opportunity to observe Collins first hand. Therefore, Collins' claim that the guidelines were incorrectly applied on this point is without merit.
 
 VIII.
 
 27
 Collins' final argument is that the district court improperly applied the guidelines in refusing to credit him with a two-level reduction for the acceptance of responsibility. Trial court determinations on acceptance of responsibility are reviewed for clear error, and will be upheld unless without foundation. United States v. Christoph, 904 F.2d 1036, 1040-41 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991).
 
 
 28
 After a careful review of the record, we have determined that the trial court had sufficient foundation to deny Collins' request for a downward departure based on an acceptance of responsibility. Therefore, this argument is without merit.
 
 IX.
 
 29
 For the foregoing reasons, Collins' conviction and sentence are AFFIRMED.
 
 
 
 [1]
 Collins also alleges that the jury did not resolve reasonable doubt in his favor as it was instructed to do. Collins offers no persuasive reason to find that the jury did not resolve reasonable doubt as instructed, however