48 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony A. SHARP, Defendant-Appellant.
 No. 94-3227.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1995.
 
 Before: KENNEDY and SILER, Circuit Judges; and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Sharp appeals the sentence of the district court, asserting that he should have been granted a reduction in his sentence for acceptance of responsibility. As we find no clear error in the district court's determination that the defendant failed to accept responsibility, we affirm.
 
 I.
 
 2
 The defendant and his wife were charged in a thirteen-count indictment. Pursuant to a plea agreement he later pleaded guilty to count one, bank fraud, and count six, money laundering, and was given a sentence of 37 months and two years' supervised release for each count, to run concurrently.
 
 
 3
 It is the defendant's burden to prove his acceptance of responsibility by a preponderance of the evidence. United States v. Moored, 997 F.2d 139, 145 (6th Cir.1993). He claims that he clearly accepted responsibility by pleading guilty to the charges and agreeing to make restitution to the Huntington National Bank and the HUD development funds administered by the City of Columbus.
 
 
 4
 We review the finding by the district court that defendant did not accept responsibility on a clearly erroneous standard. See United States v. Hamilton, 929 F.2d 1126, 1130 (6th Cir.1991). Merely because the defendant has entered a guilty plea does not entitle him to an acceptance of responsibility reduction. United States v. Silverman, 976 F.2d 1502, 1515 (6th Cir.1992) (en banc ), cert. denied, 113 S.Ct. 1595 (1993); United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992), cert. denied, 114 S.Ct. 733 (1994). Moreover, a defendant's statements minimizing his role in the offenses supports a denial of acceptance of responsibility. See United States v. Chalkias, 971 F.2d 1206, 1216 (6th Cir.1992), cert. denied, 113 S.Ct. 351 (1992).
 
 
 5
 The court found that, although the defendant pleaded guilty, he had not truthfully acknowledged his involvement in the bank fraud and money laundering. Defendant acknowledged that he had submitted falsified forms to request payment for work that had not been done, but he blamed much of his wrongdoing on accounting mistakes and his lack of understanding of the complexity of a federally regulated project. The court concluded that defendant's actions, including his failure to cooperate with the bank in transferring the restitution debt to him personally, were inconsistent with acceptance of responsibility. This finding is not clearly erroneous.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable James P. Churchill, United States Senior District Judge for the Eastern District of Michigan, sitting by designation