73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Dewayne JACKSON, Defendant-Appellant.
 No. 95-5302.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1995.
 
 Before: ENGEL, BROWN, and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal of a guilty plea in a counterfeiting case in which the defendant received a substantially greater sentence than he apparently had anticipated when he pled guilty. The issue here raised by the defendant is the adjustment to the sentence by enhancement because of his role as an organizer and leader of the conspiracy and the offense increase level because of the possession of a weapon during the offense. This issue, needless to say, has been addressed by us on a number of occasions, and relates to the factual determinations by the district court. The question is whether or not there is substantial evidence in the record to support the conclusion that in fact the defendant was a leader and used the weapon. Our standard was set out in United States v. Moreno, 899 F.2d 465, 470 (6th Cir.1990). Here there were apparently a number of statements contained in the pre-sentence report that established that the defendant Jackson along with others had participated in the transportation of counterfeit money into the Memphis area. Apparently there was some dispute during the delivery of the counterfeit bills which at one stage were estimated to be $23,000. A number of persons, including a co-defendant, Gary West, were in fact tried and found guilty of the violation. A transcript of the West trial was introduced to establish the conspiracy size and the fact that this defendant was in fact the leader. While much of the counterfeit money was distributed by Jackson to his friends and family, that is of little help to him here. Clearly these were reasonable determinations by the district court and certainly were not an abuse of discretion.
 
 
 2
 On the departure issue, because of the weapon and the threats made by the defendant, there is clearly sufficient evidence to establish that in fact the defendant Reginald Jackson threatened a number of his co-conspirators with harm if they did not cooperate with him in the distribution and recovery of the counterfeit funds. That in itself is clearly sufficient to support an upward departure in the circumstance of this case. The defendant was sentenced to seven years and under the circumstances with the weapon and the amount of money involved, as well as the threats, that is a fair sentence under the guidelines. See United States v. Canoll, 893 F.2d 1502, 1508 (6th Cir.1990) and United States v. Hamilton, 929 F.2d 1126, 1130 (6th Cir.1991).
 
 
 3
 Judgment affirmed.