**Adam Neil GOLD, Defendant–Appellant,**

v.

**UNITED STATES, Plaintiff–Appellee.**

No. 02–5919.

United States Court of Appeals, Sixth Circuit.

Aug. 31, 2004.

Dan L. Newsom, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Kathryn M. Swisher, Memphis, TN, for Defendant–Appellant.

Before: KEITH and CLAY, Circuit Judges; and O'MEARA, District Judge.*

KEITH, Circuit Judge.

Defendant–Appellant, Adam Neil Gold ("Gold"), appeals the district court's sentencing based upon the district court's application of § 2G2.2(b)(1) of the United States Sentencing Guidelines (the "Sentencing Guidelines") and the district court's denial of the Defendant's request for a downward departure. For the reasons set forth below, this court AFFIRMS the sentence imposed by the district court.

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I. BACKGROUND

A federal grand jury in the Western District of Tennessee returned an eight count indictment against Gold on January 15, 2002. The indictment charged Gold with the following violations: 18 U.S.C. § 2252(a)(1), knowing distribution of child pornography, one count; 18 U.S.C. § 2252(a)(2), five counts; 18 U.S.C. § 2252(a)(4)(B), knowing receipt of child pornography, one count; 18 U.S.C. § 2253, knowing possession of child pornography, one count. On March 26, 2002, Gold entered a plea of guilty to Counts One, Two, and Seven, and forfeiture on Count Eight. The remaining Counts were dismissed.

On March 26, 2002, Gold appeared before the district court and entered pleas of guilty to Counts One (distribution of child pornography), Two (receipt of child pornography), Seven (possession of child pornography), and Eight (forfeiture). Gold's guilty pleas were made pursuant to a written Plea Agreement, which was filed with the district court. The Plea Agreement provided that Gold would plead guilty to Counts One, Two, and Seven, and agree to forfeit property specified in Count Eight. The Government agreed that, at sentencing, it would dismiss the remaining counts of the Indictment. The Plea Agreement also provided, in pertinent part, as follows:

> I [Adam Neil Gold] willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within each count of the Indictment to which I am pleading guilty.

(J.A. at 32, 54).

As part of the March 26, 2002 Plea Hearing, the Government, in open court and before Gold, orally stated a basis in fact which supported all charges in the Indictment to which Gold pleaded guilty.

Prior to sentencing, Gold filed position papers objecting to the Presentence Investigation Report ("PSR"). Specifically, Gold stated that he should not receive two points for § 2G2.2(b)(1), material involved prepubescent minor, because he is entitled to a downward departure pursuant to § 5K2.13 of the Sentencing Guidelines. Gold asserted that he committed the offense while suffering from significantly reduced mental capacity pursuant to *United States v. Sadolsky*, 234 F.3d 938 (6th Cir. 2000) and *United States v. McBroom*, 124 F.3d 533 (3d Cir.1997).

On July 9, 2002, at the sentencing hearing, the Government presented the testimony of FBI Special Agent Joe Reinhart ("Reinhart"), along with multiple images admitted as collective exhibits to the hearing. Reinhart testified that the copies of thirteen images in his possession were those made from images found on Gold's desktop computer, laptop computer, and four floppy diskettes. Reinhart further testified that the thirteen images were the same designated in Count One of the Indictment to which Gold previously pleaded guilty. The district court admitted the thirteen images as Collective Exhibit 3 to the sentencing hearing. J.A. at 97. The district court personally viewed the images contained in Collective Exhibit 3 and specifically found that several of the images were of prepubescent children. In addition to the sworn testimony of Reinhart and Collective Exhibit 3, the Government introduced certain images at the Sentencing Hearing, which it had previously filed with the district court as sealed Exhibits A and B to its response to a pretrial motion filed by Gold. The district court also personally viewed these images and specifically found that they were of prepubescent children. J.A. at 86. Based upon its viewing of these images, the district court found that a two-point increase in the base offense level pursuant to § 2G2.2(b)(1) (two-point enhancement if the material involves a prepubescent minor or a minor

under the age of 12 years) was appropriate.

Regarding Gold's request for a downward departure based on diminished mental capacity, Gold presented the testimony of William Murphy ("Murphy"), Department of Psychiatry, University of Tennessee. The district court, after consideration of Murphy's testimony and the entire record before it, also denied Gold's request for a downward departure under § 5K2.13 of the Sentencing Guidelines. J.A. at 127.

The guideline range was determined to be a level of 18, with a Criminal History Category of I. This determination made the applicable range of incarceration 27 to 33 months. The district court sentenced Gold to a term of imprisonment totaling 30 months as to Counts One, Two, and Seven, to run concurrently, and forfeiture pursuant to Count Eight. The court dismissed Counts Three, Four, Five and Six. J.A. at 131. The district court further ordered that Gold may not occupy a residence that is in proximity to any elementary school, park, or playground. J.A. at 135. In addition, Gold was ordered to participate in a sex offender program, to refrain from calling 900 numbers, to refrain from contact with children, to not possess or access any computer programs, except as required for work, and he was ordered to pay a special assessment of $300.00.

The Judgment was entered on July 11, 2002. The Judgment was amended on July 19, 2002, adding that the sentence was to be deferred for eight months. J.A. at 25. Gold filed a notice of appeal within 10 days of the entry of the Sentencing Order pursuant to 18 U.S.C. § 3742(a)(1). In this appeal, Gold argues that the court improperly applied the Sentencing Guidelines, did not make specific findings in calculating the offense level, did not find a showing by the preponderance of the evidence that the material involved prepubescent minors as required by § 2G2.2(b)(1);[1] and was clearly erroneous in adopting the +2 level enhancement for the Specific Offense Characteristic, Material involved prepubescent minor, and not allowing a downward departure pursuant to § 5K2.13 of the Sentencing Guidelines.

## II. DISCUSSION

### A. Application of § 2G2.2(b)(1) of the Sentencing Guidelines

■ In reviewing sentencing decisions, this court will not disturb the district court's underlying factual determinations unless they are clearly erroneous. *United States v. Hamilton,* 929 F.2d 1126, 1130 (6th Cir.1991). Furthermore, this court "shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e).

Section 2G2.2(b)(1) of the Sentencing Guidelines provides as follows:

(b) Specific Offense Characteristics

    (1) If the material involved a prepubescent minor or a minor under the age of twelve years, increase by 2 levels.

Section 2G2.2(b)(1) of the Sentencing Guidelines.

---

1. Gold additionally appears to challenge the district court's order that he not occupy a residence that is in proximity to any elementary school, park, or playground. Gold alleges that the district court did not sufficiently find the facts that warranted this order. Gold's Plea Agreement, however, provided, in pertinent part, as follows:

> I [Adam Neil Gold] willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within each count of the Indictment to which I am pleading guilty.

(J.A. at 32, 54).

Thus, to the extent that the district court's order is based on facts developed in the record, Gold's contention is without merit.

The district court, in considering the evidence before it, properly found that § 2G2.2(b)(1) was applicable in sentencing Gold. The images of child pornography were introduced as a collective exhibit to the sentencing hearing and personally viewed by the district court. After viewing the images, the district court specifically found that there were pornographic images of prepubescent children among those viewed by the court.[2] There was, therefore, an underlying factual basis in the record from which the court could reasonably and properly conclude that a two-point enhancement pursuant to § 2G2.2(b)(1) was appropriate. The court's findings were fully supported by the record and were not clearly erroneous.

### B. Denial of A Downward Departure

■ A failure to depart is not appealable. *United States v. Stewart,* 306 F.3d 295, 329 (6th Cir.2002). In *United States v. Davis,* 919 F.2d 1181 (6th Cir.1990), which also involved denial of a downward departure on the basis of reduced mental capacity, the court stated:

Where, as here, the guidelines range was properly computed, the district court was not unaware of its discretion to depart from the guideline range, and the sentence was not imposed in violation of law as a result of an incorrect application of the guidelines, the failure to depart is not cognizable on appeal under 18 U.S.C. § 3742(a).

*Davis,* 919 F.2d at 1187.

The only exception is where the district court is unaware of its discretion to depart. *United States v. McGahee,* 257 F.3d 520,

531 (6th Cir.2001). The record makes clear, however, that the district court was fully aware of its discretion to depart downward, and in declining to do so clearly stated the reasons for its decision. Following arguments of counsel for the parties on this issue, the court made these remarks:

The guidelines … *provide that a sentence below the applicable guideline range may be warranted* if the defendant committed the offense while suffering from a significantly reduced mental capacity.

And the application notes provide that significantly reduced mental capacity means the defendant, although convicted, had a significantly impaired ability to understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason or controlled behavior that the defendant knows is wrongful.

*It is clear, as both parties have indicated, that under the applicable law the court does [] have the discretion to grant a downward departure.* But, as I said earlier, the court has to evaluate these matters in light of the totality of the circumstances involved in this case. In this situation the doctor has talked about Mr. Gold's mental history, his assessment and evaluation, but I also look at the defendant's functionality during the time that he was investigated, and this defendant clearly engaged in the provision for his family, [] worked every day, made distinguishing decision both in regard to family and work and apart

---

**2.** Gold's complaint is based on his assertion that "the court without making a specialized and individualized determination as to each and every photograph found that they involved children and that they were pornographic." Appellant's Br. at 1. While the court may not have examined "each and every" photograph, after examining the evidence it determined that "at least several of these [photographs] do involve prepubescent children." Appellant's Br. at 14. Nothing in § 2G2.2(b)(1) states that "if the material involved" means "only if all the material involved," and, having failed to cite any authority for such a proposition, Gold's argument is without merit.

from this particular conduct just went on about as any person would be.

And I make those comments based on this—basically in response to the major depressive disorders, if there is one, that he suffered at the time.

So, *while it is clear that he had some mental health issues, I don't find that those are so overbearing that it warrants—that they warrant a departure in this case. I believe that this is a case, that even though the court has the discretion to depart, under the totality of the circumstances that a departure is not warranted.* And I will deny the defendant's request for a 5K2 departure notwithstanding the diagnosis and the treatment modality that has been presented to the court.

(J.A. at 127) (emphasis added).

In addition to the above statement, acknowledgment of the district court's discretion on this issue was specifically included in the argument. J.A. at 125. The only exception, where the district court is unaware of its discretion to depart, *McGahee,* 257 F.3d at 531, is inapplicable to the present case. The record demonstrates that the district court was fully aware of its discretion to depart downward, and in declining to do so clearly stated the reasons for its decision. Accordingly, this court is unable to review the district court's denial of the downward departure.

## III. CONCLUSION

Based on the foregoing, this court **AFFIRMS** the sentence imposed by the district court.