**UNITED STATES of America**

**v.**

**Darryl JOHNSON, Appellant.**

**No. 90–5293.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Jan. 28, 1991.

Decided April 30, 1991.

* The Hon. Marvin Katz, United States District Court for the Eastern District of Pennsylvania,

Jean D. Barrett, Ruhnke & Barrett, West Orange, N.J., for appellant.

Eric L. Muller and Michael Chertoff, Office of U.S. Atty., Newark, N.J., for appellee.

Before SLOVITER, Chief Judge, and NYGAARD, Circuit Judge, and KATZ, District Judge *.

sitting by designation.

OPINION OF THE COURT

SLOVITER, Chief Judge.

This appeal represents another in the continuing series of cases in which this court and other courts of appeals throughout the country have considered issues raised by the recently promulgated United States Sentencing Guidelines as part of the "evolutionary process" contemplated by the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat.1987 (1984). *See* United States Sentencing Guidelines (U.S.S.G.), Ch. 1, Pt. A, intro. 3.

## I.

Appellant Darryl Johnson and codefendant James Price were named in a five-count indictment arising out of the armed robbery of three Assistant United States Attorneys that occurred outside the federal building in Newark, New Jersey. Count I of the indictment charged defendants with conspiracy to assault federal officers in violation of 18 U.S.C. § 111 and conspiracy to steal public property in violation of 18 U.S.C. § 641. Counts II through IV charged defendants with each separate assault. Count V charged Johnson and Price with stealing public property. Pursuant to a plea agreement with the government, Johnson pled guilty to Count IV of the indictment which charged the assault on Assistant U.S. Attorney Bonna Horovitz and the government dropped the remaining charges.

The presentence report relates that on the evening of November 1, 1989, as Assistant U.S. Attorneys Paul Brickfield, Bonna Horovitz and Gail Nichols were walking from the federal building to their cars, they were assaulted by Johnson, Price and two juveniles. Price approached Brickfield, pointed a gun at him, told him not to move, and demanded money. Johnson approached Nichols, warned her to "Stop or I'll shoot," and took her pocketbook. Johnson then confronted Horovitz as she approached her car. Johnson pointed his gun at Horovitz's head, instructed her not to start the car, and told her to hand over her purse. Johnson took her car keys and drove off in Horovitz's car.

At the sentencing hearing, Johnson stated that he had no objection to the description of the offense conduct contained in the presentence report except that he denied that he used a gun in assaulting the Assistant U.S. Attorneys. In response, the government called Horovitz as a witness, and she testified that Johnson employed a gun in the manner set forth in the presentence report.

The presentence report set Johnson's base offense level for aggravated assault at level 15 pursuant to U.S.S.G. § 2A2.2(a). Because Johnson used a gun in the commission of the assault, the specific offense characteristics applicable to section 2A2.2 authorized a three to five level increase in his base offense level depending on whether the gun was "brandished," "otherwise used," or "discharged." *Id.* § 2A2.2(b)(2)(A)–(C).

The probation officer, assuming that Johnson had "brandished" his gun, recommended a three level increase. The government argued that Johnson had "otherwise used" his gun within the meaning of the aggravated assault Guideline. The district court agreed and therefore increased the base offense level by four levels. *Id.* § 2A2.2(b)(2)(B). After reducing the resulting offense level of 19 by 2 levels for Johnson's acceptance of responsibility, the district court accepted the recommendation of the Probation Department and adopted a three-level structured upward departure because the incident involved the assault of three individuals. *See* 18 U.S.C. § 3553(b) (1988) and U.S.S.G. § 5K2.0, p.s. The court sentenced Johnson to fifty-one months, the maximum imprisonment available at offense level 20 for a defendant, like Johnson, with a criminal history category of III.

On appeal Johnson makes two arguments. First, he argues that the district court erred as a matter of law in increasing his base offense level by four levels because in pointing his gun at Horovitz's head he "brandished" rather than "otherwise used" a weapon. Second, Johnson contends that the district court committed error in departing upward because the cir-

cumstance of multiple victims was not a permissible basis on which to depart and, even if departure was permissible, the degree of departure was unreasonable.

## II.

The specific offense characteristics for aggravated assault provide:

(A) If a firearm was discharged, increase by 5 levels; (B) If a dangerous weapon (including a firearm) was otherwise used, increase by 4 levels; (C) If a dangerous weapon (including a firearm) was brandished or its use was threatened, increase by 3 levels.

U.S.S.G. § 2A2.2(b)(2).

According to the Guidelines, a deadly weapon is "brandished" when it is "pointed or waved about, or displayed in a threatening manner." *Id.* § 1B1.1, comment. (n.1(c)). "Otherwise used" is defined as including conduct that "did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon." *Id.* (n. 1(g)). Unfortunately, this definition is not helpful in drawing the line between the three categories of action.

Horovitz, to whose assault Johnson pled guilty, testified at the sentencing hearing that Johnson approached her with a gun, pointed it at her head from a distance of one or two feet, ordered her not to start her car or he would "blow [her] head off," and demanded her money. Johnson argues that because he only threatened to use the gun, he cannot be found to have "otherwise used" it. Inasmuch as this implicates a legal issue, our review is plenary. *See United States v. Bierley,* 922 F.2d 1061, 1064 (3d Cir.1990).

In rejecting Johnson's argument, the district court stated:

there is a distinction and a difference between taking a gun and pointing it at somebody's head and saying, "Give me your money," ... and walking into a room with two people and saying, "All right, everybody against the wall," with a generalized point [of the gun].

App. 51.

Johnson would limit the "otherwise use" conduct primarily to situations in which the defendant attempted to discharge a weapon but was unsuccessful. His view of "brandishing a weapon" thus encompasses a direct threat to an identifiable victim. We are not persuaded by Johnson's construction of the Guideline. Our view of "brandish" is different. The dictionary defines "brandish" as "to shake or wave (a weapon) menacingly," and gives as synonyms "flourish" and "wave." *Webster's Third New International Dictionary* 268 (1976). Although the inclusion of "pointed" in the Guideline definition makes it clear that pointing a weapon at, for example, bank tellers or customers during a bank robbery is included in the term "brandish," we construe that term in the context of the Guideline definition as denoting a generalized rather than a specific threat.

■ Thus, we agree with the district court that when a defendant did not simply point or wave about a firearm, but actually leveled the gun at the head of the victim at close range and verbalized a threat to discharge the weapon, the conduct is properly classified as "otherwise using" a firearm. The only other Court of Appeals decision to consider this issue under analogous facts came to the same conclusion.

In *United States v. De La Rosa,* 911 F.2d 985 (5th Cir.1990), defendant appealed from a district court's finding that she "otherwise used" a handgun for purposes of section 2A4.1 (Kidnapping) when she waved a pistol at others involved in her scheme to kidnap a child and threatened that anyone who contacted the police would "have to deal with her." *Id.* at 993. Like Johnson, the defendant in *De La Rosa* argued that "at most her actions constituted brandishing the weapon." *Id.* at 993.[1] The Court of Appeals held that although the defendant did "brandish" the handgun during an argument, "the addition of [defen-

---

**1.** The kidnapping guideline provides for a two level increase if "a dangerous weapon was used", which is defined by the commentary as discharged or "otherwise used." The kidnapping section does not provide for an increase for brandishing a weapon.

dant's] threat to those involved in the scheme with her operates to bring [the] conduct within the orbit of 'otherwise used.'" *Id.* at 993; *see also United States v. Hamilton,* 929 F.2d 1126 (6th Cir.1991) (use of knife); *United States v. Roberts,* 898 F.2d 1465, 1470 (10th Cir.1990) (same).

Accordingly, we conclude that the district court did not err in increasing Johnson's base offense level by four levels based on the fact that a gun was "otherwise used" during the assault.

### III.

The sentencing court departed upwards three levels on the grounds that there were three victims assaulted. Johnson argues that the district court's departure was improper because as a matter of law the existence of multiple victims of an assault is not a sufficiently unusual circumstance to warrant departure, and even if a departure were permissible, the district court's degree of departure was unreasonable because the three level increase double counted Horovitz, the victim of the assault to which Johnson pled guilty.

In reviewing a court's decision to depart from the Guidelines, we must first determine whether the ground on which it departed was permissible. A district court may not depart unless it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (1988). A departure is warranted only when the circumstance falls outside the "heartland," *i.e.,* the "set of typical cases embodying the conduct that each guideline describes." U.S.S.G. Ch. 1, Pt. A, intro. 4(b). We have plenary review of this issue. *See United States v. Kikumura,* 918 F.2d 1084, 1098 (3d Cir.1990).

Although Johnson argues that the existence of multiple victims is not an "atypical case," there is no evidence that the Sentencing Commission considered multi-victim aggravated assaults in formulating section 2A2.2(b)(1). The special offense characteristics of section 2A2.2(b)(1) provide for an increase in the base offense level for more than minimal planning, the use of dangerous weapon, and the degree of bodily injury sustained by victim; they do not provide for circumstances involving multiple victims.

Furthermore, the language of the Guideline ("If the *victim* sustained bodily injury, increase the offense level according to the seriousness of the injury." U.S.S.G. § 2A2.2(b)(3) (emphasis added)) suggests that the typical cases contemplated by the Commission were single-victim assaults. In its discussion on Grounds for Departure, the Commission noted that departure would be warranted in the analogous situation where a robbery resulted in injury to more than one victim because the robbery Guideline does not deal with that possibility. U.S.S.G. § 5K2.0, p.s. It was thus legally permissible for the district court to consider additional victims in departing from the Guideline.

Johnson's second argument requires us to review the reasonableness of the district court's three level departure. Our standard of review at this stage is deferential. *See United States v. Ryan,* 866 F.2d 604, 610 (3d Cir.1989). The Guidelines provide that in determining whether to depart, the court "may consider, without limitation, any information concerning the ... conduct of the defendant." U.S.S.G. § 1B1.4. Although Johnson conceded that there were three victims assaulted, he argues that since he pled guilty to the aggravated assault of Horovitz, there were only two additional victims, and thus it was unreasonable for the court to have departed more than two levels.

The district court's structured departure employed the concept of group counting found in the Multiple Counts section of the Guidelines. U.S.S.G. Ch. 3, Pt. D. For purposes of increasing Johnson's offense level to reflect accurately the number of victims, the district court applied the Guidelines as if Johnson had been convicted of three counts of aggravated assault. This court has approved use of analogy for determining the reasonableness of depar-

tures from the Guidelines. *See Kikumura*, 918 F.2d at 1112 (where aggravated conduct would constitute a separate offense "the reasonableness of a departure may be evaluated by 'treat[ing] the aggravating factor as a separate crime and ask[ing] how the defendant would be treated if convicted of it,'" (quoting *United States v. Ferra*, 900 F.2d 1057, 1062 (7th Cir.1990)); *see also Bierley*, 922 F.2d at 1068.

The Guidelines contain a complex procedure for determining the appropriate increase in offense level for conviction of multiple counts. Where a defendant is convicted of more than one count, the counts are divided into groups of closely related counts (called "groups"). U.S.S.G. § 3D1.2. When there is more than one group, the groups are assigned a unit value, *id.* § 3D1.4, and the resulting unit total is used to determine the increase in offense level.

Applying this procedure to the facts of this case, the assault of the three Assistant U.S. Attorneys are treated as distinct groups because they involved different victims. *Id.* § 3D1.2. Each group has the same offense level, and thus the groups are each assigned one unit under section 3D1.-4(a). ("Count as one Unit the Group with the highest offense level. Count one additional Unit for each Group that is equally serious....") Three Units result in a three level increase in offense level. *Id.* § 3D1.4. The district court's use of the group counting Guidelines in determining the level of upward departure to reflect the fact that three victims were assaulted was reasonable.

### IV.

For the foregoing reasons, the judgment of conviction and sentence of the district court will be affirmed.