**UNITED STATES of America, Appellee,**

v.

**Robert D. ELKINS, Appellant.**

**No. 93–1909.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1993.

Decided Feb. 18, 1994.

Counsel who presented argument on behalf of the appellant was Carter C. Law of St. Louis, MO.

Counsel who presented argument on behalf of the appellee was Joseph M. Landolt of St. Louis, MO.

Before MAGILL, Circuit Judge, JOHN R. GIBSON,* Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Robert D. Elkins appeals from a 210–month sentence for his convictions on three counts of bank robbery and one count of armed bank robbery under 18 U.S.C. §§ 2113(a) and (d). He asserts several sentencing errors as grounds for reversal. First, Elkins alleges that the district court[1] improperly assessed a four-level enhancement under U.S.S.G. § 2B3.1(b)(4)(A) for abduction of a person to facilitate the commission of a bank robbery. Second, Elkins contends that the district court incorrectly applied a four-level enhancement under U.S.S.G. § 2B3.1(b)(2)(D) for use of a dangerous weapon. Finally, Elkins suggests that the district court erred by refusing to grant him downward departures for extraordinary acceptance of responsibility and for a criminal history category that over-represents his prior criminal conduct. We affirm.

## I. BACKGROUND

Elkins entered guilty pleas for three counts of bank robbery and one count of armed bank robbery. Although Elkins and the government stipulated to the facts surrounding the four bank robberies, there were no plea agreements. Based on Elkins's criminal history category of VI, the PSR recommended a sentencing range of 168 to 210 months for each count.

Elkins objected to this calculation. At the sentencing hearing, the district court rejected Elkins's contentions and adopted the recommendations in the PSR. The court sentenced Elkins to concurrent terms of 210–months imprisonment for each count. Elkins appeals.

---

\* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

## II. DISCUSSION

### A. Abduction Enhancement

The district court applied a four-level enhancement for abduction pursuant to U.S.S.G. § 2B3.1(b)(4)(A).[2] Elkins contends that correct application of the guidelines requires a two-level enhancement under U.S.S.G. § 2B3.1(b)(4)(B) for physical restraint during the commission of the crime rather than a four-level enhancement under section 2B3.1(b)(4)(A).

On the facts of this case, we find that the kidnapping enhancement was appropriate. In one of the bank robberies, Elkins held a bank patron at knife-point. After receiving money from the bank teller, Elkins forced the patron, still at knife-point, out of the bank and into the parking lot where he demanded the keys to the patron's vehicle. After the patron complied with Elkins's demands, Elkins released the patron and escaped in the vehicle.

The guidelines define abduction to mean: "that a victim was forced to accompany an offender to a different location. For example, a bank robber's forcing a bank teller from the bank into a getaway car would constitute an abduction" U.S.S.G. § 1B1.1. Comment. (n. 1). There is no doubt that Elkins forced the bank patron to another location, from the bank lobby to the parking lot, thus satisfying the guidelines definition of abduction. It is of no significance that the one type of conduct given as an example, forcing into a car, did not occur. Accordingly, we affirm the four-level enhancement for abduction.

### B. Use Of A Weapon

Elkins next contends that the district court erred by concluding that he "used" rather than merely "brandished" a weapon in the course of the bank robbery. We reject

---

2. Section 2B3.1(b)(4) of the Sentencing Guidelines provides:

(A) If any person was abducted to facilitate commission of the offense or to facilitate escape, increase by 4 levels; or (B) if any person was physically restrained to facilitate commission of the offense or to facilitate escape, increase by 2 levels.

the invitation to conclude that placing a knife against the throat of an innocent bystander to facilitate cooperation with a robbery demand is not "use" of a dangerous weapon for purposes of section 2B3.1(b)(2).[3] We join other circuits in the conclusion that the guidelines are clear on this point. *See United States v. Johnson*, 931 F.2d 238, 240 (3d Cir.1991) (gun pointed at the head of a robbery victim was "otherwise used" under section 2B3.1(b)(2)), *cert. denied*, —— U.S. ——, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991); *United States v. Hamilton*, 929 F.2d 1126, 1130 (6th Cir.1991) (placing knife against victim's neck constitutes use of a weapon for sentencing enhancement purposes); *United States v. Roberts*, 898 F.2d 1465, 1469–70 (10th Cir. 1990) (same). Accordingly, we find no error in the district court's application of a four-level enhancement for use of a dangerous weapon.

### C. Downward Departures

■ Elkins contends that the district court erred by refusing to grant two separate requests for downward departures. He first claims that his criminal history category over-represents his prior criminal activity. Next, he asserts that the district court should have granted him a downward departure for extraordinary acceptance of responsibility. The refusal to grant a downward departure is an unreviewable exercise of discretion on the part of the sentencing judge. *See United States v. Mahler*, 984 F.2d 899, 903 (8th Cir.1993) ("The exercise of discretion by a district court to refuse to depart downward is nonreviewable by this Court.") (quotations omitted). Therefore, we must reject Elkins's assertion of error.

### III. CONCLUSION

For the reasons stated above, the sentence imposed by the district court is affirmed.

---

3. U.S.S.G. § 2B3.1(b)(2) provides in part:
    (D) if a dangerous weapon was otherwise used, increase by 4 levels; (E) if a dangerous weapon was brandished, displayed or possessed, increase by 3 levels. . . .