**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dashon Glen FULLER, Defendant– Appellant.**

**No. 95–50551.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 1996 *.

Decided Nov. 5, 1996.

Olivia W. Karlin, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellant.

Richard E. Drooyan and Thomas D. Warren, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: BRUNETTI, TROTT, and THOMAS, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

**BRUNETTI, Circuit Judge:**

Dashon Glen Fuller appeals his sentence imposed under the Sentencing Guidelines following his guilty plea to armed robbery of a United States Post Office in violation of 18 U.S.C. § 2114. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3732. We affirm the sentence.

## I. BACKGROUND

On September 21, 1994, Mr. Fuller and two others robbed a United States Post Office. All three were seen with guns. When one of the robbers shouted, "This is a robbery," two of the tellers turned to run, but both fell in their attempts to flee. Mr. Fuller grabbed one of the tellers by the collar, put a gun to the back of her head, pulled her to a standing position and ordered her not to move.

The issue in this case is whether the district court erred in applying a six-level enhancement for "otherwise using" a firearm in the commission of a robbery, rather than the five-level enhancement for "brandishing" a firearm, where the defendant placed a gun to a teller's head and threatened her. We affirm the sentence. Placing a firearm to a teller's head and threatening that teller in the course of a robbery is "otherwise using" a firearm within the meaning of section 2B3.1(b)(2)(B) of the Sentencing Guidelines.

## II. ANALYSIS

■ The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. *United States v. Dayea,* 32 F.3d 1377, 1379 (9th Cir.1994).

The Sentencing Guidelines define "otherwise using" a firearm as conduct that does "not amount to the discharge of a firearm but [is] more than brandishing, displaying, or possessing a firearm or other dangerous weapon." U.S.S.G. § 1B1.1, comment (n. 1(g)). "Brandishing" a weapon means that "the weapon was pointed or waved about, or displayed in a threatening manner." U.S.S.G. § 1B1.1, comment (n. 1(c)).

■ Here, the defendant did more than point the firearm or wave it about. His conduct was more than culpable than "brandishing" in two ways. First, the defendant pressed the gun to the head of a teller. By causing the gun to come in contact with the teller's head, the defendant did more than wave or display the gun in a threatening manner. *United States v. Elkins,* 16 F.3d 952, 953–54 (8th Cir.1994) (defendant who placed a knife to the throat of a patron during a bank robbery "otherwise used" the weapon); *United States v. Roberts,* 898 F.2d 1465, 1469–70 (10th Cir.1990) (where the defendant held a knife to the victim's face and neck and demanded money, he "otherwise used" the weapon). Second, the defendant used the gun to threaten the teller and to force her to get up off the floor. By pointing the firearm at the teller and explicitly threatening to kill her if she did not stand, the defendant's conduct exceeded mere "brandishing." *United States v. Seavoy,* 995 F.2d 1414, 1421–22 (7th Cir.) ("waving a firearm in the air and pointing it at the bank tellers and customers forcing them to lie down on the floor" was "otherwise using" a weapon), *cert. denied,* 510 U.S. 954, 114 S.Ct. 407, 126 L.Ed.2d 354 (1993); *United States v. Johnson,* 931 F.2d 238, 240 (3d Cir.) (pointing a gun at the head of a robbery victim and threatening her constituted "otherwise using" a weapon), *cert. denied,* 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991). We join other circuits in the conclusion that each of these actions constitutes "otherwise using" a weapon under the guidelines. Accordingly, we find no error in the district court's application of a six-level enhancement for "otherwise using" a dangerous weapon.

**AFFIRMED.**