[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13 2000
THOMAS K. KAHN
CLERK

No. 99-12886
Non-Argument Calendar
_____

D.C. Docket No. 99-00027-CR-3-LAC


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

      versus

CHARLES JUSTIN MILLER,
a.k.a. Charles J. Miller,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(March 13, 2000)**

Before COX, MARCUS and WILSON, Circuit Judges.

MARCUS, Circuit Judge:

      Charles Justin Miller, a federal prisoner, appeals his 78-month sentence for

armed bank robbery, 18 U.S.C. § 2113(a), (d), to be followed by three years of

supervised release, a fine of $1500, and a $100 special monetary assessment. Defendant pled guilty to a one-count information charging him with armed robbery. At the plea hearing, Defendant admitted to entering the First National Bank of Florida in Pensacola, Florida, approaching a bank teller, displaying what looked like a bomb (two red sticks with a fuse), lighting the fuse, and asking the teller if she knew what "it" was (referring to the bomb-like object). Defendant then told the teller to give him all of her money and not to include any dye packs. The teller complied, handing over approximately $8,534. After Defendant was apprehended, law enforcement discovered that the object which appeared to be a bomb actually was inert. Based on these facts, the district court applied a four-level sentence enhancement under U.S.S.G. § 2B3.1(b)(2)(D) for "otherwise us[ing]" a "dangerous weapon" during the robbery.

On appeal, Defendant contends that the district court erred in enhancing his offense level by four points under U.S.S.G. § 2B3.1(b)(2)(D). Specifically, Defendant argues that the Sentencing Guidelines do not permit a four-level enhancement for "otherwise us[ing]" an object which merely appeared to be a "dangerous weapon." Instead, Defendant claims that he should only have received a three-level enhancement under U.S.S.G. § 2B3.1(b)(2)(E) for "brandishing, displaying, or possessing a dangerous weapon."

2

We review de novo the district court's application of the sentencing guidelines. See United States v. Cook, 181 F.3d 1232, 1233 (11th Cir.1999). Because Defendant's challenge to his § 2B3.1(b)(2)(D) enhancement was not raised in the district court, we review it only for plain error to avoid manifest injustice. See United States v. Harness, 180 F.3d 1232, 1234 (11th Cir. 1999). Having reviewed the plea and sentencing hearing transcripts, the presentence investigation report, all other relevant pleadings, and the briefs of the parties, we hold that the district court did not plainly err in finding that Miller "otherwise used" a "dangerous weapon" during the commission of the offense, and therefore qualified for a four-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(D).

Defendant's appeal raises an issue of first impression in our circuit; namely, whether a four-level sentence enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(D) may be applied for "otherwise us[ing]" an object which appeared to be a "dangerous weapon" during the commission of an attempted robbery. Under the Sentencing Guidelines, a defendant may receive a four-level enhancement "if a dangerous weapon was otherwise used," U.S.S.G. § 2B3.1(b)(2)(D), or a three-level enhancement "if a dangerous weapon was brandished, displayed, or possessed," U.S.S.G. § 2B3.1(b)(2)(E). Application note 2 of the commentary to this Guideline explains that "[w]hen an object that appeared to be a dangerous weapon was brandished, displayed,

or possessed, treat the object as a dangerous weapon for the purposes of subsection (b)(2)(E)." Id. In addition, application note 1(d) of Guideline 1B1.1, "Application Instructions," states, in the context of defining the term "dangerous weapon," that "[w]here an object that appeared to be a dangerous weapon was brandished, displayed, or possessed, treat the object as a dangerous weapon." Id.

Based on the plain language of this commentary, we have recognized that objects which appear to be dangerous weapons should be treated for sentencing purposes as if they actually were dangerous weapons. See United States v. Vincent, 121 F.3d 1451, 1455 (11th Cir. 1997) (finding that defendant who pressed unknown object into victim's side and intended that object appear as a dangerous weapon is subject to an enhancement under section 2B3.1(b)(2)(E)); United States v. Shores, 966 F.2d 1383, 1387-88 (11th Cir. 1992) (per curiam) (holding that defendant who, during commission of an attempted robbery, possessed a toy gun, which looked like an authentic nine millimeter firearm and therefore appeared to be a dangerous weapon, is subject to an enhancement under section 2B3.1(b)(2)(E)); see also United States v. Wooden, 169 F.3d 674, 676 n.2 (11th Cir. 1999) (per curiam) (interpreting Vincent to hold that "fake weapons are treated as equivalent to real ones for purposes of this [§ 2B3.1(b)(2)(E)] offense level enhancement"); United States v. Koonce, 991 F.2d 693, 698 (11th Cir. 1993) (noting in dicta that where "BB gun looks like a real firearm

and is perceived by the victim of a post office robbery" as a firearm, it is proper to enhance sentence for use of "dangerous weapon" under section 2B3.1(b)(2)(E)). This approach is consistent with the caselaw of our sister circuits. See, e.g., United States v. Robinson, 20 F.3d 270, 277 (7th Cir. 1994) (finding that defendant who possessed toy gun which appeared to be a dangerous weapon is subject to a section 2B3.1(b)(2)(E) sentence enhancement); United States v. Dixon, 982 F.2d 116, 121-24 (3d Cir.1992) (holding that defendant who wrapped his hand in towel to appear as a dangerous weapon is subject to a section 2B3.1(b)(2)(E) sentence enhancement).

In light of the Guidelines' clear commentary and our prior precedent with respect to the treatment of objects which appear to be dangerous under U.S.S.G. § 2B3.1(b)(2)(E), we see no reason why a defendant who "otherwise use[s]" an object which appears to be a dangerous weapon during an attempted robbery would not be subject to a four-level enhancement under U.S.S.G. § 2B3.1(b)(2)(D). Defendant argues that a defendant who otherwise uses an object which appears to be (but is not in fact) a dangerous weapon may receive only a three-level enhancement for brandishing, displaying, or possessing a dangerous weapon, U.S.S.G. § 2B3.1(b)(2)(E). This argument is illogical and would eviscerate the substantive difference between 2B3.1(b)(2)(D) and 2B3.1(b)(2)(E) in cases where objects, which appear to be (but are not in fact) dangerous weapons, are "otherwise used." The

5

difference between section 2B3.1(b)(2)(D) and section 2B3.1(b)(2)(E) is a difference based on the seriousness of the charged criminal conduct. In essence, the Guideline creates a "hierarchy of culpability for varying degrees of involvement" during a criminal offense. Wooden, 169 F.3d at 675. Merely brandishing, displaying, or possessing a dangerous weapon is subject to a three-level sentence enhancement. See U.S.S.G § 2B3.1(b)(2)(E). However, if a defendant commits more serious conduct and "otherwise use[s]" a dangerous weapon, she is subject to a four-level enhancement. See U.S.S.G § 2B3.1(b)(2)(D). We recently have recognized this difference in Wooden, noting that the term "otherwise used" "'means that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon.'" Id., 169 F.3d at 676 (quoting U.S.S.G § 1B1.1 application note 1(g)).

Defendant's reading would eliminate the substantive difference recognized by the Guidelines and our caselaw between "otherwise using a dangerous weapon" and merely "brandishing, displaying, or possessing a dangerous weapon." We believe the better interpretation of U.S.S.G. § 2B3.1(b)(2) is to treat uniformly objects appearing to be dangerous weapons as if they actually were dangerous weapons for sentence enhancement purposes, thereby maintaining the integrity of the substantive difference between section 2B3.1(b)(2)(D) and section 2B3.1(b)(2)(E). Under our reading,

6

defendants who otherwise use an object which appears to be a dangerous weapon will be subject to a four-level enhancement, see U.S.S.G § 2B3.1(b)(2)(D), and defendants who merely brandish, display, or possess an object which appears to be a dangerous weapon will be subject to a three-level enhancement, see U.S.S.G § 2B3.1(b)(2)(E).

The only remaining question then is whether the district court plainly erred in concluding that Defendant otherwise used an object which appeared to be a dangerous weapon in the commission of his offense. Defendant admitted at his plea colloquy (and does not dispute on appeal) that he actually lit the fuse to the bomb-like object during his attempted bank robbery. As the fuse was lit, Defendant also threatened the bank teller, asking her if she knew what "it" [the bomb-like object] really was. On appeal, Defendant does not argue that this conduct is mere brandishment or display rather than otherwise use. In Wooden, we recently found that a defendant who pointed a handgun at a specific victim, holding the gun one-half inch from the victim's forehead, properly received an enhancement for otherwise using a dangerous weapon, see U.S.S.G § 2B3.1(b)(2)(D), because "his conduct was more than brandishing; it was more than merely pointing or waving the weapon about in a threatening manner." Wooden, 169 F.3d at 676. We arrived at this conclusion by emphasizing that the defendant's conduct "involved an explicit threat," rendering the conduct more than simply brandishing or displaying a weapon. Wooden, 169 F.3d at 676; see also

7

United States v. Johnson, 931 F.2d 238 (3d Cir. 1991) (holding that pointing weapon at close distance constituted "otherwise use"); United States v. Hamilton, 929 F.2d 1126 (6th Cir.1991) (finding that placing knife against a victim's throat amounted to "otherwise use").  Here, we believe the issue is even clearer.  Defendant did not just display or brandish the fake bomb; he actually lit the fuse of the fake bomb while explicitly threatening the bank teller.  Indeed, lighting the fuse is like the cocking of a handgun.  Based on these facts, it was not plain error for the district court to conclude that Defendant's conduct constituted the "otherwise use" of a dangerous weapon, qualifying Defendant for a four-level enhancement under section 2B3.1(b)(2)(D).  Accordingly, we affirm.

AFFIRMED.