

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2002

# USA v. Orr

Precedential or Non-Precedential: Precedential

Docket No. 01-4127

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Orr" (2002). *2002 Decisions.* Paper 793.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/793

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed December 9, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4127

UNITED STATES OF AMERICA

v.

RANDY ORR,
Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 01-cr-00015E
District Judge: The Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2002

Before: BARRY, AMBRO, Circuit Judges, and ACKERMAN,*
District Judge

(Filed: December 9, 2002)

_____

* The Honorable Harold A. Ackerman, United States District Judge for
the District of New Jersey, sitting by designation.

W. Penn Hackney, Esq.
Karen S. Gerlach, Esq.
Renee Pietropaolo, Esq.
Office of the Federal Public Defender
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA 15222

 Attorneys for Appellant

Bonnie R. Schlueter, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
633 United States Post Office
 & Courthouse
Pittsburgh, PA 15219
   -AND-
Marshall J. Piccinini, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
100 State Street
Suite 302
Erie, PA 16507

OPINION OF THE COURT

BARRY, Circuit Judge:

Appellant Randy Orr pled guilty to one count of use of a dangerous weapon in connection with bank robbery, pursuant to 18 U.S.C. S 2113(d), and was sentenced, as relevant here, to 50 months imprisonment. He now appeals. We have jurisdiction under 18 U.S.C. S 3742(a) and 28 U.S.C. S 1291, and will affirm.

I.

On February 2, 2001, Orr single-handedly committed armed robbery of a PHB Employees Federal Credit Union in Fairview, Pennsylvania, carrying what appeared to be a black handgun. After entering the bank, Orr told the

2

manager to kneel, face the wall, and put her hands on her head. He then held his gun to the head of the assistant manager and directed her to empty a metal cash box into a garbage bag. He left with $65,468.00.

With the cooperation of a friend of Orr's, the government obtained a recorded confession. The cooperating witness also reported that Orr owned a pellet gun that resembled a handgun, and witnesses to the bank robbery reported that he had carried a black handgun. Orr was indicted on two counts and pled guilty to the count that charged use of a dangerous weapon in connection with bank robbery, with the other count subsequently dismissed.

On November 1, 2001, Orr was sentenced to 50 months imprisonment, based in part on a four-level enhancement pursuant to S 2B3.1(b)(2)(D) of the U.S. Sentencing Guidelines for having "otherwise used" a "dangerous weapon." He raised two objections: (1) the pellet gun he used in the robbery was not a "dangerous weapon," and (2) he had not "otherwise used" but had merely"brandished" the gun and, therefore, he should not have received the four-level enhancement. The District Court rejected both objections, and they are properly before us now. We review the District Court's interpretation of the sentencing guidelines de novo. United States v. Johnson, 199 F.3d 123, 125 (3d Cir. 1999).

II.

Orr first argues that the guidelines preclude application of a four-level enhancement for "otherwise used" under S 2B3.1(b)(2)(D) when the object employed in the robbery appears to be but is not a dangerous weapon. Orr used what appeared to be a functioning handgun but was, in fact, a dismantled pellet gun.

Orr's argument rests on the purported contradiction between the definition of objects that appear to be but are not "dangerous weapons" in S 1B1.1 and in S 3B3.1. A pellet gun, while not a firearm, is by definition a"dangerous weapon." S 1B1.1, Commentary, Application Note 1(e) (2001). Orr concedes that the dismantled pellet gun

appeared to be a "dangerous weapon," but contends that because it was dismantled, it was not so in fact.

But a dismantled pellet gun is a dangerous weapon in its own right. In this connection, the government argues that even the frame of the pellet gun could inflict serious injury if wielded as a weapon. See McLaughlin v. United States, 476 U.S. 16, 17-18 (1986) (holding that an unloaded gun was a "dangerous weapon" within the meaning of the federal bank robbery statute partly due to potential harm when used as a bludgeon). We agree and hold that a dismantled pellet gun which could be used as a bludgeon is a "dangerous weapon" within the meaning ofS 1B1.1.

Even if we were to conclude that a dismantled pellet gun only appears to be a "dangerous weapon," however, S 1B1.1, the general definitional section, defines "dangerous weapon" to include any object that "closely resembles" or "create[s] the impression" of being"an instrument capable of inflicting death or serious bodily injury."S 1B1.1, Application Note 1(d) (2001). Section 2B3.1 contains at Application Note 2 the seemingly duplicative provision that, consistent with S 1B1.1, "an object shall be considered to be a dangerous weapon for purposes of subsection (b)(2)(E) [concerning "brandishing"] if . . . the object closely resembles . . . or . . . [was] used . . . in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury." Section 2B3.1 is silent, however, as to whether such an object should be considered a dangerous weapon for purposes of S 2B3.1(b)(2)(D), concerning "otherwise used." Orr argues that the narrower definition of "dangerous weapon" contained in S 2B3.1 contradicts and, therefore, replaces the general definition in S 1B1.1. Thus, the argument goes, an object that merely appears to be a dangerous weapon can only be "brandished" under S 2B3.1(b)(2)(E); it cannot satisfy the definition of "otherwise used" under S 2B3.1(b)(2)(D).

The difficulty with this argument is that S 1B1.1 provides at Application Note 1 that its definitions "are of general applicability . . . except to the extent expressly modified in respect to a particular guideline or policy statement" (emphasis added). Application Note 1 to S 2B3.1 specifically

states that "dangerous weapon" is defined in the Application Notes to S 1B1.1. An omission in the partial

restatement of that definition in Application Note 2 to
S 2B3.1 does not expressly circumscribe the general
definition, especially in light of the recognition in
Application Note 2 to S 1B1.1 that "[d]efinitions of terms
also may appear in other sections." It is much more likely
that Application Note 2 to S 2B3.1 focuses on reminding
district courts to apply the expansive definition of
"dangerous weapon" in S 1B1.1.

The Court of Appeals for the Eleventh Circuit rejected
Orr's precise argument in United States v. Miller, 206 F.3d
1051 (11th Cir. 2000). The Court held that the District
Court did not plainly err in finding that the defendant
"otherwise used" a "dangerous weapon" and thus qualified
for the four-level enhancement pursuant to S 2B3.1(b)(2)(D),
although the weapon in question was an inert bomb. The
Court interpreted the guidelines to uniformly treat objects
appearing to be dangerous weapons as if they were in fact
dangerous weapons for sentence enhancement purposes.
Id. at 1052.

We agree. Application Note 1(d) of S 1B1.1 clearly
instructs that objects that appear to be dangerous weapons
shall be considered dangerous weapons for purposes of
S 2B3.1.

Orr's second argument is that his weapon was merely
"brandished" in the course of the robbery, justifying a
three-level enhancement under S 2B3.1(b)(2)(E), rather than
"otherwise used," warranting a four-level enhancement
under S 2B3.1(b)(2)(D). Section 2B3.1 incorporates not only
S 1B1.1's definition of "dangerous weapon" but also its
definitions of "brandished" and "otherwise used." S 2B3.1,
Application Note 1. "Brandished" means that"all or part of
the weapon was displayed, or the presence of the weapon
was otherwise made known to another person, in order to
intimidate that person, regardless of whether the weapon
was directly visible to that person." S 1B1.1, Application
Note 1(c). "Otherwise used" means that the conduct "did
not amount to the discharge of a firearm but was more
than brandishing, displaying, or possessing a firearm or
other dangerous weapon." S 1B1.1, Application Note 1(f).

5

The question, then, which must be answered is this:
when does conduct constituting brandishing become
sufficiently threatening such that the weapon was
"otherwise used?" Our previous decisions suggest the
answer. In United States v. Johnson, we found that the
defendant had "otherwise used" a firearm by pointing a gun
at the victim, threatening to shoot, and demanding her
money. 931 F.2d 238, 240 (3d Cir. 1991). In an identically-
named decision eight years later, we found that the
defendants had "otherwise used" a dangerous weapon when
a co-defendant told an employee to put down her phone,
raised a baseball bat, and threatened to harm or kill her
with it.*  United States v. Johnson, 199 F.3d 123 (3d Cir.
1999). In dicta, we noted our agreement with the Court of

Appeals for the First Circuit that "specifically leveling a cocked firearm at the head or body of a bank teller or customer, ordering them to move or be quiet according to one's direction, is a cessation of 'brandishing' and the commencement of 'otherwise used.' " Id. at 127, quoting United States v. La Fortune, 192 F.3d 157 (1st Cir. 1999). Furthermore, "[p]ointing a weapon at a specific person or group of people, in a manner that is explicitly threatening, is sufficient to make out 'otherwise use' of that weapon," regardless of whether that weapon is a firearm. Id. While we left open the question of whether such an explicit threat must be made verbally or might be made through conduct alone, Orr concedes that either will do.

Consonant with these decisions, the District Court correctly found that pointing a gun at the head of the assistant manager and ordering her to empty money into a garbage bag was a "specific threat" directed at her and was precisely the type of conduct which satisfies the"otherwise used" requirement. Neither the guidelines nor the caselaw requires infliction of the violent physical contact Orr suggests or a verbalized threat to harm the victim in order to constitute "otherwise used."

_____

* The 1991 and 1999 Johnson cases interpreted an earlier version of the guidelines, in which "brandished" was defined to mean that "the weapon was pointed or waved about, or displayed in a threatening manner." The definition of "brandished" we used in those cases is consistent with the definition under the current guidelines.

6

Other courts of appeals have reached similar conclusions on similar facts. See, e.g., United States v. Wooden, 169 F.3d 674, 676 (11th Cir. 1999) (pointing a handgun at the victim's head one-half inch away constituted "otherwise use"); United States v. Taylor, 135 F.3d 478, 482-83 (7th Cir. 1998) (poking a gun into the bank employee's back while directing her to produce money was "otherwise use" of that weapon); United States v. Elkins, 16 F.3d 952, 953-54 (8th Cir. 1994) (forcing a bank patron at knife-point to enter the bank parking lot and surrender the car keys was "otherwise use"); United States v. Roberts , 898 F.2d 1465, 1470 (10th 1990) (placing a knife against the victim's throat from behind while demanding money at the automatic teller machine constituted "otherwise use").

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit