OPINION
BARRY, Circuit Judge.
Appellant David Miles appeals his sentence of imprisonment following his plea of guilty to a three-count superceding information charging him with three acts of bank robbery, in violation of 18 U.S.C. § 2113(a). Arguing that the sentence is both proeedurally and substantively unreasonable, Miles asks us to remand to the District Court for re-sentencing. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and will affirm.
BACKGROUND
Because the parties are familiar with the pertinent facts and issues, we include only those necessary to resolve this appeal. During a nine-day period from late November through December 2007, Miles robbed three federally insured banks located in Pennsylvania. Most relevant to this appeal is his robbery on December 4, 2007 of the Wachovia Bank in York, Pennsylvania.
On June 10, 2008, Miles pled guilty to three counts of bank robbery. The Probation Office prepared a presentence report *316 (“PSR”) and calculated a total offense level of twenty-seven. With Miles’s criminal history category of VI, the Sentencing Guidelines (U.S.S.G.) range was 130-162 months’ imprisonment. Miles objected to the recommended four-level enhancement under U.S.S.G. § 2B3.1(b)(2)(D) for “otherwise using” a dangerous weapon in connection with his robbery of the Wachovia Bank (Count 1). Instead, Miles argued, he merely “brandished” his weapon, which would result in a three-level enhancement under U.S.S.G. § 2B3.1(b)(2)(E).
The District Court held a hearing to address Miles’s objection. The government called Lori Wagner, who was working at the Wachovia Bank on the date of the robbery. Wagner testified that Miles, with his face covered, walked toward her and “said something like this is no joke, this is the real deal.” (App. at 75-76.) She remembered that “he pointed his hand at me and told me to stand against the wall.” (Id.) Although she could not recall if Miles was holding anything, she read into evidence a statement she made to the police on the day of the robbery, which stated in part as follows:
I was walking across the lobby. A guy came in wearing a black ski mask and jacket. Said this was for real. I heard a click, looked at him. He pointed a gun my way and said get to the corner against the wall, told everyone to put money at one teller station, told them to hurry up.
(Id. at 78.) The government then called another Wachovia employee, Angel Montgomery, who was also present during the robbery. Montgomery recalled seeing Miles enter the bank, “holding a gun up in the air.” (Id. at 88.) She explained that Miles “pointed at [Wagner] with the gun as she was moving and told her to stand back.” (Id.) Although Montgomery could not recall Miles’s exact words, she testified that he did point what was later found to be a toy gun “in [Wagner’s] direction.” (Id.)
In a March 4, 2009 opinion and order, the District Court rejected Miles’s objection to the application of the four-level enhancement. (Id. at 14.) At sentencing on March 24, 2009, Miles and his attorney explained the progress that Miles had made while in prison in dealing with his drug addiction. They also stressed the troubling circumstances that led him to commit his crimes. The Court imposed a sentence of 120 months’ imprisonment, which was ten months below the bottom of the applicable Guideline range, but not as low as Miles had requested.
STANDARD OF REVIEW
We review the District Court’s interpretation of the Guidelines de novo. United States v. Orr, 312 F.3d 141, 143 (3d Cir. 2002). The District Court’s findings of fact underlying the four-level enhancement for “otherwise using” a dangerous weapon are reviewed under the clearly erroneous standard. See United States v. Grier, 585 F.3d 138, 141 (3d Cir.2009); United States v. Dixon, 982 F.2d 116, 119 (3d Cir.1992). After reviewing a sentence for procedural error, we then “review the substantive reasonableness of the sentence under an abuse-of-discretion standard.” United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008).
DISCUSSION
Miles raises two arguments in this appeal. First, he argues that the District Court “erroneously interpreted the Sentencing Guidelines” when it applied the four-level enhancement for having “otherwise used” a dangerous weapon. Second, he characterizes the sentence as substantively unreasonable because the Court “did *317 not grant a sufficiently substantial downward departure.” (Appellant’s Br. at 4.)
A. Application of the Four-Level Enhancement
As noted above, Miles argues that during the December 4, 2007 robbery, he merely “brandished” rather than “otherwise used” a dangerous weapon and, therefore, his offense level should have been increased by three levels, rather than four.[1]
The Guidelines define the terms as follows:
“Brandished” ... means that all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person. Accordingly, although the dangerous weapon does not have to be directly visible, the weapon must be present.
“Otherwise used” ... means that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon.
U.S.S.G. § 1B1.1, cmt. 1(C), (I). Finding a workable distinction between “brandished” and “otherwise used” is not a new venture. As we explained in United States v. Orr, “[t]he question, then, which must be answered is this: when does conduct constituting brandishing become sufficiently threatening such that the weapon was ‘otherwise used’?” 312 F.3d at 144. In United States v. Johnson, we cited with approval a workable distinction articulated by the Court of Appeals for the First Circuit:
[A] person may “brandish” a weapon to “advise” those concerned that he possesses the general ability to do violence, and that violence is imminently or immediately available-Altering this general display of weaponry by [for instance] specifically leveling a cocked firearm at the head or body of a bank teller or customer, ordering them to move or be quiet according to one’s direction, is a cessation of “brandishing” and the commencement of “otherwise used.”
199 F.3d 123, 127 (3d Cir.1999) (quoting United States v. LaFortune, 192 F.3d 157, 161-62 (1st Cir.1999)). Similarly, in Orr, we held that “pointing a gun at the head of the assistant manager and ordering her to empty money into a garbage bag was a ‘specific threat’ directed at her and was precisely the type of conduct which satisfies the ‘otherwise used’ requirement.” 312 F.3d at 145. We added that “[n]either the guidelines nor the caselaw requires infliction of the violent physical contact ... or a verbalized threat to harm the victim in order to constitute ‘otherwise used.’ ” Id. We fail to see how Miles’s case fits anywhere other than within the parameters of “otherwise used,” as that phrase has been defined by us in the bank robbery context.
Miles argues, however, that the evidence “establishes that [he] did nothing more than wave a toy gun about in an effort to intimidate.” (Appellant’s Br. at 26.) He cites Johnson, 199 F.3d 123, as well as an earlier case by the same name, United *318 States v. Johnson, 931 F.2d 238 (3d Cir.1991), in which each of the defendants verbalized threats against their victims while holding weapons. Given Orr, Miles wisely does not argue that our case law requires that a defendant explicitly articulate a threat of violence, but claims that the circumstances of Orr were such that the defendant “explicitly communicated a non-verbal threat of imminent serious harm.... ” (Appellant’s Br. at 23.) Miles reads the facts of his case as being different from those of the cases he cites. We do not.
The District Court’s finding that Miles pointed a gun towards Wagner and ordered her to get against the wall, thus crediting her testimony and statement to the police as well as Montgomery’s testimony, was not clearly erroneous. Indeed, the clear inference from Miles’s order to Wagner was that if she did not comply, she would suffer the consequences. See Orr, 312 F.3d at 145 (robber’s pointing gun at victim’s head and ordering her to comply with his directives is “precisely the type of conduct which satisfies the ‘otherwise used’ requirement”). That, in our view, is an explicit, non-verbal threat of harm.[2]
Miles’s other efforts to characterize his behavior as “brandishing” the dangerous weapon are equally unavailing. In an attempt to suggest that the government was, itself, convinced that he merely “brandished” his weapon, Miles references the June 10, 2008 change of plea hearing, during which the government stated that he “brandished” a gun at each of the three robberies. He also references the government’s silence at the hearing in response to his attorney’s explanation that, on the basis of the “brandishing” enhancement, the Guideline range would be 120-150 months. Despite what the parties did or did not say, the District Court explained that, with respect to the Guideline range, “we’ll make a final determination on that at a later point in time, aided by the probation officer’s report.” (App. at 63.) The Court also explained that there would be a conference to deal with any objections to the PSR. (Id. at 64-65.) The plea agreement, itself, is also explicit that “any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant’s conduct, including facts that support any specific offense characteristic or enhancement or adjustment ... will be determined by the court.” (Id. at 23 (emphasis added); see also id. at 33, 36.).
Finally, Miles argues that an affirmance would “eviscerate any substantive difference between § 2B3.1(b)(2)(D) and § 2B3.1(b)(2)(E) ... [and would] collapse ‘brandish’ into ‘display,’ and require that any conduct beyond a mere display of a dangerous weapon be held ‘otherwise used.’” (Appellant’s Br. at 31.) Again, we disagree. Had Miles waved his weapon to “ ‘advise’ those concerned that he possessed] the general ability to do violence,” rather than pointed his weapon towards Wagner while ordering her to stand against the wall, his conduct could more easily have been characterized as “brandishing.” See LaFortune, 192 F.3d at 161-62. The District Court properly concluded that Miles “otherwise used” a dangerous weapon when increasing his Guidelines range sentence.[3]
*319 B. Reasonableness of the Sentence
Miles argues that the “District Court abused its discretion in granting only a ten-month downward variance in light of Miles’s lack of a violent past and the fact that he committed these offenses ... because of mental health problems and a serious drug addiction.” (Appellant’s Br. at 31.)
“[W]e ... review the substantive reasonableness of the sentence under an abuse-of-discretion standard, regardless of whether it falls within the Guidelines range.” Wise, 515 F.3d at 218. When a court imposes a sentence outside of the Guidelines range, we “must give due deference to the district court’s decision that the § 3553(a) factors, on a whole, justify the extent of the variance.” Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). “Unless no reasonable sentencing court would have imposed” the sentence at issue for the reasons articulated by the district court, we must affirm. United States v. Tomko, 562 F.3d 558, 568 (3d Cir.2009).
The District Court heard testimony and considered the written submissions of the parties on the application of the § 3553(a) factors to this case. Miles was also given the opportunity to speak at length. The Court explained that Miles had an “astonishing criminal history,” and that although it viewed him as “remorseful” and “off illicit and illegal drugs,” his actions nonetheless had a serious and lasting effect on innocent people’s lives. (Id. at 160-62.) The Court noted Miles’s history over the lást several years of “disrespect and disregard for the law[],” and also determined that he needed “a longer sentence and more intensive treatment” than he had previously received during his time in state prison. (Id. at 163.) Recognizing the advisory nature of the Guidelines, the Court then imposed a sentence of 120 months’ imprisonment, ten months below the Guidelines range, and a term of supervised release.
The District Court thoughtfully considered the § 3553(a) factors as they applied to Miles’s case and provided sufficient grounds to support the sentence it imposed. We cannot say that “no reasonable sentencing court” would have imposed the same sentence. Tomko, 562 F.3d at 568. There was no abuse of discretion here.
CONCLUSION
We will affirm the judgment of sentence.

. Miles does not dispute that the toy gun he carried during the robbery was a "dangerous weapon” under the Guidelines. U.S.S.G. § IB 1.1, cmt. 1(D) (dangerous weapon means “an object that is not an instrument capable of inflicting death or serious bodily injury but ... closely resembles such an instrument"); Dixon, 982 F.2d at 124 ("[A] robber's intentional creation of an appearance of possession of a dangerous weapon is sufficient to warrant enhanced punishment.”).

. Miles attacks Wagner’s statement to the police that she heard a "click” when she looked towards him during the robbery. There is sufficient evidence in the record to find that Miles "otherwise used” a dangerous weapon without also considering the "click,” and we need not address it further.

. As for Miles's concern that we have "collapse[d] ‘brandish’ into ‘display,’ " we note that U.S.S.G. § 2B3.1(b) does not address *319 "display” and the commentary accompanying U.S.S.G. § 1B1.1 includes the word "display” in its enumerated definitions of "brandished” and "otherwise used.” Miles has not cited any case listing "five distinct categories of conduct ... possessed, displayed, brandished, otherwise used, and discharged." (Appellant's Br. at 20.) Moreover, as Appendix C notes, “[t]he [2000] amendment also deletes the term 'displayed' wherever it appears in the Guidelines Manual in an enhancement with 'brandished.' Because 'brandished' applies in any case in which 'all or part of the weapon was displayed,' the Commission determined the inclusion of "displayed” in these enhancements is redundant.” U.S.S.G. Supp., App. C, vol. II, amend. 601.