

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2008

# USA v. Aquino

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2547

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Aquino" (2008). *2008 Decisions.* Paper 1326.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1326

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 07-2547

————

UNITED STATES

v.

NICHOLAS AQUINO,

Appellant

————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00287)
District Judge:  Honorable Yvette Kane

————

Submitted Under Third Circuit LAR 34.1(a)
April 16, 2008

Before: AMBRO, FISHER, <u>Circuit</u> <u>Judges</u>, and MICHEL,[*] <u>Chief</u> <u>Circuit</u> <u>Judge</u>

(Filed: April 25, 2008)

————

OPINION OF THE COURT

————

---

[*] The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals
for the Federal Circuit, sitting by designation.

MICHEL, Chief Circuit Judge.

Defendant Nicholas Aquino appeals from the sentencing order following his conviction for conspiracy to commit robbery affecting interstate commerce and brandishing firearms during a crime of violence. Because we discern no harmful error in the District Court's sentencing order, we will affirm the order.

I.

Because we write solely for the parties, we recite only those facts central to our analysis. Aquino was indicted by a grand jury for five counts of robbery affecting interstate commerce, conspiracy to commit those robberies, and two counts of brandishing firearms in furtherance of those crimes of violence. After reaching a plea agreement with the government, Aquino pled guilty to one of the firearms charges and the conspiracy charge.

At the sentencing hearing, Aquino objected to several aspects of the presentence investigation report ("PSR"). First, he objected to a two-level enhancement for bodily injury inflicted on a store employee on July 23, 2005, during the robbery of Weis Market in Carlisle, Pennsylvania, on the ground that the injuries were too minor to warrant the enhancement. He next objected to a two-level enhancement for bodily injury suffered by the manager of Sierra Madre Restaurant in Mechanicsburg, Pennsylvania, during a robbery on August 21, 2005, on the grounds that the injury was not caused by Aquino but by his co-conspirator, Paul Butler, and that the assault was not foreseeable. Finally,

2

Aquino also objected to a four-level enhancement for abduction of the manager and two employees during the Sierra Madre Restaurant robbery on the ground that forcing people to move a short distance within a single premises does not constitute abduction. The District Court also heard testimony from Aquino as well as the manager of the Sierra Madre Restaurant. The manager testified that he and two of his employees were outside the restaurant when they were accosted by Butler and Aquino, who forced them to go back inside at gunpoint. He also testified that Butler hit him on the head several times with a gun during the robbery.

The District Court found for the government as to all of Aquino's objections. The Court sentenced Aquino to seven years' imprisonment for the firearms offense, which is the statutory mandatory minimum sentence and which is required to be served consecutively. 18 U.S.C. § 924(c); U.S.S.G. § 3D1.1(b)(1). Following the PSR's recommendations as to the conspiracy charge, the District Court accepted the offense level calculation for the Sierra Madre Restaurant robbery (thirty-one) as the highest of the robberies, also accepting the increase by four for the other four robberies and a decrease by three for acceptance of responsibility for a final offense level of thirty-two for the conspiracy offense as a whole. See U.S.S.G. §§ 1B1.2(d), 3D1.2(d), 3E1.1. The guideline range for this offense level and Aquino's criminal history category was 188-235 months for the conspiracy charge. But the District Court also granted the government's motion for a downward departure due to Aquino's substantial assistance to the

3

government, sentencing him to 136 months' imprisonment for the conspiracy offense for a total of 220 months' imprisonment for both the firearms (seven years, or eighty-four months) and conspiracy offenses.

II.

Aquino argues three errors on the part of the District Court in its sentencing order. First, Aquino asserts that the District Court erred by accepting the abduction enhancement because forcing people to move within a single premises does not constitute abduction. Second, Aquino argues that the District Court erred by enhancing the offense level for the Sierra Madre Restaurant robbery for bodily injury when no evidence was presented that the manager's injuries were painful, obvious, or one for which a person would ordinarily seek medical treatment. Finally, Aquino states that the District Court erred by enhancing the offense level for the Carlisle Weis Market robbery for bodily injury when the victim received only minor injuries.

1.

As the District Court noted, the Guidelines provide an example of abduction in its definition of the term:

> "Abducted" means that a victim was forced to accompany an offender to a different location. For example, a bank robber's forcing a bank teller from the bank into a getaway car would constitute an abduction.

U.S.S.G. § 1B1.1 app. n.1(A). Here, Aquino and Butler forced the Sierra Madre Restaurant manager and employees to accompany them from outside the restaurant back

4

inside at gunpoint. We agree with the District Court that the facts of this case are indistinguishable from the Guidelines' example and thus that the four-level enhancement for abduction was appropriately applied here. Aquino cites no contrary authority and, in fact, concedes that our sister circuits have also affirmed the application of the abduction enhancement in similar cases. See United States v. Hickman, 151 F.3d 446, 462 (5th Cir. 1998); United States v. Taylor, 128 F.3d 1105, 1110-11 (7th Cir. 1997); see also United States v. Whooten, 279 F.3d 58, 61 (1st Cir. 2002); United States v. Hawkins, 87 F.3d 722, 727 (5th Cir. 1996); United States v. Elkins, 16 F.3d 952, 953 (8th Cir. 1994).

2.

We next turn to Aquino's objections to the enhancements for bodily injury. We first note that, unlike the two other objections argued on appeal, Aquino did not raise at sentencing the objection to the bodily injury enhancement for the Sierra Madre Restaurant robbery that he now asserts. Rather, Aquino's only objection to this enhancement at sentencing was that the injury was inflicted not by him but by Butler, and that his sentence should not be affected by Butler's conduct because it was not foreseeable in this regard. Aquino now abandons that objection and instead argues that the government failed to show that the manager's injuries were significant enough for the enhancement under the Guidelines.

Because this objection was not raised at sentencing, we apply a plain error standard of review. United States v. Olano, 507 U.S. 725, 731-32 (1993); United States

5

v. Dragon, 471 F.3d 501, 505 (3d Cir. 2006). To reverse, we must find that the error was clear or obvious, affected the substantial rights of the Defendant, and "seriously affects the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732-36; Dragon, 471 F.3d at 505. We do not discern such an error here.

The Guidelines define "bodily injury" as "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical treatment ordinarily would be sought." U.S.S.G. § 1B1.1 app. n.1(B). At the sentencing hearing, the manager of the Sierra Madre Restaurant testified that he was hit repeatedly on his head with a gun. In addition, the PSR indicated that medical treatment was offered to the manager (though he refused it). The District Court's finding that these facts supported a finding of bodily injury within the meaning of the Guidelines is not plain error.

Aquino relies principally on United States v. Guerrero, 169 F.3d 933, 946-47 (5th Cir. 1999), where a sentence was vacated and the case remanded on the ground that an enhancement for bodily injury was applied in error. We hold that Guerrero does not compel a different result. First, the Guerrero panel expressly declined to review the bodily injury aspect of the sentence under the more deferential plain error standard. In addition, the Fifth Circuit remarked that evidence of the severity of an assault may support a finding of bodily injury when, for that type of attack, "the resulting injury follows automatically and is obvious." Id. at 947. Here, it was not plain error for the District Court to view repeated beatings to the head with a gun as such an attack. See

6

United States v. Perkins, 89 F.3d 303, 308 (6th Cir. 1996) (holding that hitting a victim in the head with a gun and kicking him in the face, thus injuring him, was sufficient to support a finding that the injury was significant enough to warrant the bodily injury enhancement under the Guidelines).

3.

Lastly, we discern no reversible error as to the two-level enhancement for bodily injury recommended by the PSR for the Carlisle Weis Market robbery. Under U.S.S.G. § 1B1.2(d), the conspiracy offense was treated as five separate counts of conspiracy corresponding to each of the five robberies for the purpose of calculating offense levels. Due to the prohibition on combining robbery offenses covered by U.S.S.G. § 2B3.1, each count's offense level was calculated separately. U.S.S.G. § 3D1.2(d). Under U.S.S.G. § 3D1.4, the highest of these offense levels—thirty-one for the Sierra Madre Restaurant robbery—was then taken as the base to calculate the combined offense level for all of the offenses. Aquino voices no objection to these procedures.

Since we find no error in the District Court's evaluation of the offense level for the Sierra Madre Restaurant robbery, we see no error in basing the combined offense level on that robbery because its offense level was the highest of the five robberies. Thus, even if we were to find error in the District Court's bodily injury enhancement of the Carlisle Weis Market robbery's offense level, such an error would be harmless because the Sierra Madre Restaurant robbery would still have the highest offense level and the Carlisle Weis

7

Market robbery would still count for one unit toward the combined offense level.

As a result, we will affirm the District Court's sentencing order.