NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 27, 2012
Decided June 28, 2012

**Before**

JOEL L. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 11-1862 & 11-2234

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 10 CR 50040 |
| JOSEPH D. ANDERSON and MONARE R. MOORE, *Defendants-Appellants.* | Frederick J. Kapala, *Judge*. |

**O R D E R**

Joseph Anderson and Monare Moore, while masked and carrying loaded guns, stole about $25,000 from a bank in Orangeville, Illinois, but were caught after a car chase that ended in Wisconsin when they ran out of gas. Both men pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii). They also admitted robbing a bank in New Milford, Illinois, eight months earlier. In applying the sentencing guidelines, the district court added 4 offense levels for each defendant because they had facilitated the New Milford robbery by abducting the bank manager and forcing him at gunpoint to unlock the building and the vault. *See* U.S.S.G. § 2B3.1(b)(4)(A). For the robbery, Anderson was sentenced within his guidelines imprisonment range to 200 months, and Moore was sentenced at the low end of his range to 151 months. Each defendant also received a consecutive 84 months on the

§ 924(c) count, the statutory minimum. The defendants filed notices of appeal, and we consolidated their cases. Their appointed attorneys assert that the appeals are frivolous and seek to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Neither Anderson nor Moore has filed a response, though Anderson has requested the appointment of new counsel. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate briefs. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

We begin with Anderson. His counsel tells us that "Anderson's knowing and voluntary plea eliminated all but sentencing issues from the universe of potential issues to be raised on appeal." That may be true, but we cannot tell whether counsel evaluated the adequacy of the plea colloquy, *see* FED. R. CRIM. P. 11(b), or even discussed with Anderson whether he wants to challenge his guilty pleas, *see United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel should have done more to explain his conclusion, yet we still are able to see from his *Anders* submission and from the record on appeal that a challenge to Anderson's guilty pleas would be frivolous. *See United States v. Konczak*, No. 11-2969, 2012 U.S. App. LEXIS 8448, at *3 (7th Cir. Apr. 26, 2012). The district court conducted a thorough plea colloquy, except that the court did not explain that the right to counsel extended to the entire proceeding and not just trial. *See* FED. R. CRIM. P. 11(b)(1)(D). This omission did not affect Anderson's substantial rights, however, because he had been informed at his initial appearance that he had a right to counsel at all stages of the proceeding and had been represented by appointed counsel throughout his case. *See United States v. Lovett*, 844 F.2d 487, 491–92 (7th Cir. 1988).

Counsel next considers whether Anderson could challenge his prison terms as unreasonable. Both terms are within the guidelines ranges and thus are entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). Counsel has not identified any reason to set aside that presumption, nor can we. Looking to the factors in 18 U.S.C. § 3553(a), the district court explained that a within-guidelines sentence was necessary to address Anderson's recidivism and history of violent behavior and noted that he received no criminal history points for some of the crimes he had committed.

Last, counsel, who also represented Anderson in the district court, considers whether Anderson could challenge counsel's performance. Although counsel has not identified any aspect of his own performance that Anderson might assert was deficient, a lawyer cannot be expected to make an issue of his own performance on direct appeal. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). And if there is a ground for questioning the quality of counsel's assistance, that claim would be more appropriately

pursued in a collateral proceeding. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Persfull*, 660 F.3d 286, 299 (7th Cir. 2011).

As for Moore, his lawyer did consult with him, and Moore does not want his guilty pleas set aside. Counsel thus appropriately omits from his brief any discussion about the adequacy of the plea colloquy or the voluntariness of the guilty pleas. *See Knox*, 287 F.3d at 671–72.

Moore's counsel first considers whether to argue that Moore should not have received a 4-level upward adjustment for abducting the New Milford bank manager to facilitate that robbery. *See* U.S.S.G. § 2B3.1(b)(4)(A). An abduction occurs when the defendant forces a victim to accompany him to a different location. *Id.* §§ 1B1.1 cmt. n.1(A), 2B3.1 cmt. backg'd. In *United States v. Davis*, 48 F.3d 277, 279 (7th Cir. 1995), we determined that this adjustment applied—in circumstances indistinguishable from Moore's—when the defendant forced a bank employee at gunpoint to open a locked outside door and accompany him into and around the bank. *Id.* at 278–79. The adjustment has been applied in similar circumstances as well. *See United States v. Taylor*, 128 F.3d 1105, 1110–11 (7th Cir. 1997) (applying adjustment when defendants had dragged bank teller by her hair from parking lot into bank); *United States v. Whooten*, 279 F.3d 58, 61 (1st Cir. 2002) (concluding that forcing store employee from store into parking lot was abduction); *United States v. Elkins*, 16 F.3d 952, 953 (8th Cir. 1994) (applying adjustment when defendant had forced patron at knife point out of bank and to parking lot). Counsel is correct that a challenge to this adjustment would be frivolous.

Last, counsel considers whether Moore could challenge his prison terms as unreasonable. Moore's sentence for the bank robbery is at the bottom of the guidelines range, and his sentence for the gun count is the statutory minimum. A presumption of reasonableness applies. *See Rita*, 551 U.S. at 347; *Pape*, 601 F.3d at 746. Counsel has not identified any reason to set aside this presumption, nor have we. The district court meaningfully discussed the factors in 18 U.S.C. § 3553(a), including Moore's recidivism and the need to protect the public.

The motions to withdraw are **GRANTED**, and the appeals are **DISMISSED**. Because we agree with Anderson's counsel that an appeal would be frivolous, Anderson's request for new counsel is **DENIED**.